[No. 13822. In Bank. — April 18, 1891.]

In the Matter of the Estate of FANNIE CAR-
MODY, Deceased.

Estates of Decedents — Inheritance from Deceased Wife — Right of Administration. — Where a wife dies, leaving a husband surviving, but no issue, father, mother, brother, or sister, the surviving husband is entitled to succeed to the whole estate, and a nephew of the wife, not being entitled to succeed to any portion of the estate, is not entitled to letters of administration.

Id. — Surviving Husband — Qualifications of Administrator — Claim to Estate — Want of Integrity. — The fact that the surviving husband claims the whole estate of the deceased wife as his own does not show a want of integrity, or disqualify him to act as her administrator, within the meaning of section 1369 of the Civil Code.

Appeal from an order of the Superior Court of Sacramento County appointing an administrator of an estate.

The facts are stated in the opinion.

*Johnson, Johnson & Johnson*, for Appellant.

Only a relative entitled to share in the distribution of the estate had any right of administration. (Code Civ. Proc., sec. 1365.) The respondent, Grant, is not entitled to share in the distribution of the estate, because the decedent left surviving her a husband, but no father, mother, brother, sister, or issue; therefore the husband succeeded to the entire estate. (Civ. Code, sec. 1386, subd. 5; *Estate of Ingram*, 78 Cal. 586; 12 Am. St. Rep. 80.) The petition of appellant should have been granted. He was the surviving husband, and in all respects competent to serve, and the court should have appointed him. (1 Woerner's American Law of Administration, 527.) The rule is almost invariable, to commit the administration to those who are eventually entitled to the property. (1 Woerner's American Law of Administration, 528.)

*Charles F. Hanlon, Crittenden Thornton,* and *F. H. Merzbach,* for Respondent.

By the just construction of the statute, the fact that the applicant for letters is an adverse claimant of the whole estate of his intestate is a sufficient ground for denial of letters. (*Kellberg's Appeal*, 86 Pa. St. 129; *Hassinger's Appeal*, 10 Pa. St. 454; *Ellmaker's Estate*, 4 Watts, 34; *Bieber's Appeal*, 11 Pa. St. 157; *Simpson v. Jones*, 82 N. C. 323; *Heward v. Slagle*, 52 Ill. 336; *State v. Bidlingmaier*, 26 Mo. 483; *State v. Reinhardt*, 31 Mo. 95; *Pickering v. Pendexter*, 46 N. H. 69; *Moody v. Moody*, 29 Ga. 519.)

BELCHER, C. — Fannie Carmody died intestate, in the county of Sacramento, on the fourth day of September, 1889. She left surviving her John Carmody, her husband, and five children of a deceased sister, of whom Niel Grant was one, but no issue, father, mother, brother, or sister.

On the 24th of October, 1889, Niel Grant filed in the superior court of the county a petition asking that letters of administration on the estate of decedent be issued to him. In his petition he stated, among other things, "that said deceased left estate in the said county of Sacramento, consisting of real and personal property; that the value and character of said property, so far as known to your applicant, are as follows, to wit: Eight hundred dollars or thereabouts in Sacramento Savings Bank; real estate in California, value unknown; furniture and personal effects, value unknown."

Two days later the surviving husband filed his petition for letters of administration on the estate. He stated in the petition, among other things, " that she (decedent) left estate in said county, which consists of an interest (it is claimed) in certain moneys in the Sacramento Bank, on deposit therein; that the value of said estate is unknown to said petitioner, and the same consists wholly of personal property."

When the petitions came on to be heard, Carmody

was called as a witness, and testified to certain facts which tended to show that, during her last illness, his wife made, or attempted to make, to him a gift of the money she had on deposit in the Sacramento Bank. He was then, on cross-examination, asked and answered certain questions, as follows:—

" Q. Mr. Carmody, do you want to be administrator of Fannie Carmody's estate? A. Well, of course; I did not think, when she made this assignment, — she said there would be no need of an administrator. Those were the words she spoke. Q. Do you want to be administrator of your wife's estate? A. Yes, sir; of course. Q. Well, what estate did she leave? A. I do not know as she left any."

Counsel for Grant then offered, and read in evidence, a complaint filed by Carmody, on October 9, 1889, in an action instituted by him against the Sacramento Bank to recover the moneys deposited therein by Fannie Carmody. The complaint contained, among others, the following averments:—

" That on the twenty-second day of August, 1889, the said Fannie Carmody sold, transferred, conveyed, and delivered unto this plaintiff, by and with the consent of this defendant, the said bank-book, together with all the moneys, as aforesaid, deposited by her in said bank, and the plaintiff has ever since been and now is the owner and holder of said bank-book and of the moneys so deposited by her in said bank;

" That since the transfer as aforesaid, one Niel Grant, who asserts that he is a nephew of said Fannie Carmody, has notified said defendant not to pay said moneys to the plaintiff, and has demanded that the said bank pay the same to him, said Niel Grant, and has claimed, and still claims, to be the owner of said money so deposited, by reason of which claim, notice, and demand of said Niel Grant, the said defendant is in doubt as to its rights in the premises, and as to whether or

not the plaintiff is the true owner and holder of said book and moneys, and declines to pay the same to him unless it shall be determined by the judgment of this court that the plaintiff is such owner and holder," etc.

The above was all the testimony introduced, and, as will be seen, there was nothing to show that there was any property of the estate, other than the bank deposits, or that there were any creditors of the estate.

The court made the following finding: "That the petitioner, John Carmody, is incompetent to serve as administrator, and that he denies said deceased left any property or estate whatever, and the said John Carmody claims all the estate of said deceased, and the court finds that the said application of said John Carmody is made, not in good faith, but for the purpose of obtaining possession of the estate of deceased for his own, and to deprive the heirs and creditors of said estate from any participation therein, and that said John Carmody is wanting in integrity in that regard."

An order was accordingly entered, denying the petition of Carmody, and directing that letters of administration on the estate be issued to Niel Grant. From that order Carmody appeals.

The provisions of the statute bearing upon the question are as follows:—

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof; and they are, respectively, entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed; 2. The children; 3. The father or mother; 4. The brothers; 5. The sisters; 6. The grandchildren; 7. The next of kin entitled to share in the distribution of the estate." (Code Civ. Proc.,

sec. 1365.) "No person is competent or entitled to serve as administrator or administratrix who is: . . . . 4. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity." (Code Civ. Proc., sec. 1369.)

"If the decedent leave a surviving husband or wife, and neither issue, father, mother, brother, nor sister, the whole estate goes to the surviving husband or wife." (Civ. Code, sec. 1386, subd. 5.)

It is clear from these provisions that Niel Grant was not entitled to succeed to any portion of the estate, and was therefore not entitled to letters. And it is equally clear that the surviving husband was entitled to the whole estate. (*Estate of Ingram,* 78 Cal. 586; 12 Am. St. Rep. 80.)

The finding that the surviving husband was incompetent to serve as administrator for want of integrity was evidently based upon the fact that he claimed the whole estate as his own; and the question is, Was the finding justified? We do not think it was. There was nothing in the fact named which showed a want of integrity, or disqualification. (See *Estate of Bauquier, ante,* p. 302.)

We advise that the order appealed from be reversed.

FITZGERALD, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is reversed.