[S. F. No. 3580. Department One.—January 9, 1904.]

In the Matter of the Estate of MARY ANN BRUNDAGE, Deceased. CHARLES S. BRUNDAGE, Appellant, v. UNION TRUST COMPANY, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—ADVERSE CLAIM TO PROPERTY.—An adverse claim to property claimed by the estate of a deceased person is not a statutory disqualification of a resident son of the deceased otherwise competent to act as administrator of the estate with the will annexed, and such son is entitled to administer upon such estate as against the nominee of a nonresident executor and of non-resident children, heirs, and legatees of the deceased person.

ID.—POWER OF COURT—DISCRETION.—The court has no power to add to the statutory disqualifications of an administrator, and has no discretionary power to refuse letters of administration to one who has the statutory right thereto, or to appoint the nominee of persons not entitled to the letters applied for, as against the one entitled thereto.

ID.—PROBATE OF FOREIGN WILL—AUTHENTICATED COPY—RIGHT OF FOREIGN EXECUTOR—POWER OF NOMINATION.—Where the foreign will of a deceased person was admitted to probate in another state, and an authenticated copy thereof was admitted to probate in this state, the foreign executor, if he applies therefor, is entitled to letters testamentary in this state as against a resident son of the deceased testator, but if he makes no such application, he has no power or right to nominate an administrator with the will annexed, and the resident son has the better right to letters of such administration as against such nominee.

ID.—RIGHTS OF ASSIGNEE OF DEVISEE.—Though the assignee of a daughter of the deceased person, who is a devisee, is entitled to letters as against the public administrator, he is not entitled

thereto as against a son of the deceased testator, who is also a
legatee named in the will, and in other respects competent to admin-
ister.

ID.—RIGHTS OF SON AGAINST DAUGHTER.—A son and daughter of a
deceased person are not equally entitled to letters of administration,
and the court has no discretion to do otherwise than appoint the
son.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting letters of administra-
tion with the will annexed. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Goodfellow & Eells, for Appellant.

Beverly L. Hodghead, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order grant-
ing letters of administration with the will annexed upon the
estate of Mary Ann Brundage, deceased, to the Union Trust
Company of San Francisco, and refusing to grant such letters
to Charles S. Brundage.

The deceased was a resident of New York, and left prop-
erty, real and personal, in this state. By her will, which was
duly admitted to probate in the state of New York, she ap-
pointed one Schafmeister, a resident of that state, executor.
Six children survived her, each of whom was a devisee and
legatee under the will. One of these children was her son,
Charles S. Brundage, the appellant here. He was a resident
of this state and competent under our laws to act as admin-
istrator of her estate. None of the other children resided in
California.

The appellant filed a duly authenticated copy of the will
and the probate thereof in the superior court of the city and
county of San Francisco, with a petition for its admission to
probate here and the issuance to him of letters of adminis-
tration with the will annexed. The respondent, Union Trust
Company, a corporation authorized to act as administrator,
also filed its petition praying that said will be admitted to
probate, and that it be appointed administrator with the will
annexed. Its claim was based upon the fact that it was the

nominee of the non-resident executor, who had regularly requested that it be appointed, and the nominee of non-resident children, heirs, and legatees of deceased, and also upon the fact that it was a party interested in the will, by reason of being the assignee of a portion of the legacy of Mary A. Hilliard, a daughter of deceased. It was also alleged and found to be a fact that appellant claimed an interest in certain real property adversely to the estate of deceased. The superior court admitted the will to probate, and ordered the issuance of letters of administration with the will annexed to the Union Trust Company, and denied the petition of Brundage.

It is admitted that the appellant was not disqualified by reason of his adverse claim to property claimed by the estate. (*Estate of Muersing,* 103 Cal. 585; *Estate of Bauquier,* 88 Cal. 302.) Our statute prescribes the grounds of disqualification, and the courts have no right to add to the disqualifications prescribed by the legislature. The fact of adverse claim is urged by the respondent solely as a justification of the exercise of the discretion of the superior court in favor of respondent, it being claimed that under the law the court was invested with the power to appoint either of the applicants; in other words, that the appointment was in the discretion of the court. The appellant claims that, under the circumstances of this case, he had the absolute right to letters of administration as against respondent, and that the court had no discretionary power whatever. This claim of appellant must, under the statutes and decisions, be sustained.

The sections relating to the probate of foreign wills (Code Civ. Proc., secs. 1322-1324) provide that when the copy of the will and the probate thereof are produced "by the executor, or by any other person interested in the will," a hearing shall be had upon notice, and that when so admitted to probate, "letters testamentary or of administration shall be issued thereon." (*Estate of Richardson,* 120 Cal. 344, 345.) The non-resident executor could have made application for letters testamentary to himself, and would have been entitled to the same as against appellant. (*Estate of Brown,* 80 Cal. 381; *Estate of Richardson,* 120 Cal. 344.) He did not, however, apply for letters testamentary. The law applicable to such a case provides that if the executor fails to apply for

letters for himself, "letters of administration with the will annexed, must be issued as designated and provided for the grant of letters in case of intestacy." (*Estate of Richardson,* 120 Cal. 344; *Estate of Coan,* 132 Cal. 401, 403.) In *Estate of Coan,* 132 Cal. 401, this court said: "The section just quoted from (sec. 1350, Code Civ. Proc.) is not restricted to any class of wills, and it certainly must include foreign wills in its provisions."

While the statute authorizes the issuance of letters *testamentary* to the non-resident executor, it does not entitle him to letters of *administration,* or give him the right to nominate an administrator with the will annexed. (*Estate of Beech,* 63 Cal. 458; *Estate of Richardson,* 120 Cal. 344.) The case of *Estate of Harrison,* 135 Cal. 7, relied on by respondent, is not in conflict with this view, when we take into consideration the well-settled proposition that in the case of a foreign will, the public administrator is not "entitled" to letters of administration. (*In re Bergin,* 100 Cal. 376; *Estate of Engle,* 124 Cal. 292.) This rule is apparently based upon the fact that he is not "interested in the will." In *Estate of Harrison,* 135 Cal. 7, the contest was between the nominee of the foreign executor and the public administrator, neither of whom was interested in the will or "entitled" to letters, and the court undoubtedly had the discretionary power to appoint either, but such power was not derived from section 1379 of the Code of Civil Procedure. In the opinion in that case the court quotes with apparent approval the portion of the opinion in *Estate of Richardson,* 120 Cal. 344, to the effect that there is no provision in the statute giving the foreign executor the right to nominate an executor with the will annexed.

Section 1379 of the Code of Civil Procedure, which provides that administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, and which is relied upon by respondent as giving the court discretionary power in this case, has no application. This section has been considered by this court on numerous occasions, and it is well settled that the only effect thereof is to give the court the discretionary power to appoint as administrator a person not otherwise entitled, upon the written request of the person

"*entitled.*" If the person making the written request is not himself "*entitled*" to administration, either because incompetent or because another applicant with a better claim is entitled, the nominee cannot be considered by the court. (*Estate of Beech*, 63 Cal. 458; *Estate of Bedell*, 97 Cal. 339, 341; *Estate of Muersing*, 103 Cal. 585; *Estate of Healy*, 122 Cal. 162, 165.) Here the non-resident executor was not, under the statute, entitled to letters of administration, and his written request was therefore ineffectual for any purpose. The non-resident children, heirs, and legatees were incompetent by reason of their non-residence, and consequently were not entitled to administration. Their request also was therefore ineffectual for any purpose.

It is, however, claimed that respondent, by reason of the assignment to it of a portion of the legacy of a daughter of deceased, was "interested in the will," and that the court had the discretionary power to grant letters of administration to it. It has been held that the assignee of a devisee is entitled, as a person interested in the will, to administration as against the public administrator. (*Estate of Engle*, 124 Cal. 292.) That the assignee of the legacy of a daughter is not entitled to letters of administration as against a son who is also a legatee and in other respects competent, is settled by the case of *Estate of Coan*, 132 Cal. 401, which is decisive of this question. In that case, the contest for letters of administration with the will annexed, upon a foreign will, was between a son and daughter, both of whom were legatees. The lower court granted letters to both, and the order was reversed by this court. This court there said: "The cases of intestacy referred to in said section 1350 are provided for in said sections 1365 et seq. It seems, therefore, beyond question that these sections apply to the probate of a foreign will, where, as in this case, the controversy as to who shall administer is between parties *interested in the will*." It was held that while the children of a deceased were, under section 1365 of the Code of Civil Procedure, apparently equally entitled, said section 1365 was qualified by section 1366 of the Code of Civil Procedure, which provides that "Of several persons claiming and equally entitled to administer, males must be preferred to females," and that therefore a son and a daughter are not

equally entitled to administer, and the court had no discretion to do otherwise than appoint the son. Waiving the question as to whether a corporation formed for the purpose, among others, of acting as executor or administrator is in any better position in a contest for letters, by reason of the fact that it has acquired by assignment an interest under the will, it certainly occupies no better position than its assignor. Its assignor, a daughter, would not have been entitled to letters of administration as against the appellant son, even if she were a resident of this state, and the superior court would have had no discretionary power to appoint her.

The appellant had the absolute right to letters of administration with the will annexed. The order directing the issuance of such letters to the Union Trust Company and denying the petition of Charles S. Brundage is reversed and the cause remanded.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.