[S. F. No. 6987. In Bank.—April 30, 1915.]

## In the Matter of the Estate of WILLIAM McCAUSLAND, Deceased.

ESTATE OF DECEASED PERSON—LETTERS OF ADMINISTRATION—PREFERENTIAL RIGHT OF SISTER OVER NIECE—ABSENCE OF GOOD FAITH IN APPLICATION.—Under section 1365 of the Code of Civil Procedure, the sister of a deceased person has a preferential statutory right over a niece of the deceased to be appointed the administratrix of her estate, and the court in probate has no authority to deny the application of the sister for letters of administration and grant that of the niece, merely on the ground that the application of the sister was not made in good faith and for the best interest of the estate.

ID.—COURTS CANNOT ADD TO STATUTORY GROUNDS OF DISQUALIFICATION. Section 1369 of the Code of Civil Procedure has specifically defined all of the acts and facts justifying a refusal to issue letters to one otherwise entitled to receive them under section 1365, and it is not permissible for the court in probate, nor for an appellate court, to add any grounds of incompetency or disqualification other than those expressed in the statute.

ID.—ADMINISTRATOR NOT ACTING IN GOOD FAITH—REMEDIES OF PARTIES INTERESTED.—The law affords ample remedies to all parties interested in the estate against the acts of any administrator who may be found not to have the best interests of the estate at heart. In the first instance, they will be protected by an adequate bond exacted of the administrator, and in the next, he is subject to prompt removal for any unwarranted failure to recover and preserve the estate's assets.

APPEAL from a decree of the Superior Court of Sonoma County granting letters of administration on the estate of a deceased person. Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

Elmer W. Kilgore, and Heller, Powers & Ehrman, *Amici Curiae*, for Appellant.

Phil Ware, and W. F. Cowan, for Respondent.

HENSHAW, J.—William McCausland died intestate in Sonoma County in May, 1912. On January 15, 1914, his niece filed a petition for letters of administration upon the estate of her uncle. She declared the character and value of this estate to be a claim against Rebecca M. Caughey for six thousand five hundred dollars. About ten days thereafter a sister of the deceased, Anna W. Grayson, who was also the mother of Rebecca M. Caughey, filed her written opposition to the petition. She denied that the deceased had left any estate whatever "except a few practically worthless effects," and she also filed her petition to be appointed administratrix. The petitions were heard at the same time, and the court made its order appointing the niece administratrix, dismissing the opposition of Anna W. Grayson and denying her petition.

Under section 1365 of the Code of Civil Procedure the sister of the deceased had a preferential statutory right to this appointment (subd. 5) over the niece (subd. 7). No formal opposition to the petition of the sister was filed. No finding is made by the court upon which its order denying the petition of the sister is based. This court, reading the evidence, reached the conclusion and expressed it in its former opinion upon this appeal, that the application of the sister was not made in good faith and for the best interest of the estate, the showing in this regard being partly evidentiary and partly argumentative. In brief, the niece's testimony was to the effect that shortly before his death her uncle had six thousand five hundred dollars in the Cloverdale bank; that he drew three thousand dollars of this money and loaned it to one Pinschower "and the result of the transaction was that Rebecca M. Caughey got the mortgage from Pinschower executed to her in her own name for the amount of three thousand dollars, which was loaned by my uncle to Pinschower. Rebecca M. Caughey never turned this money over to my uncle. My uncle was old and feeble and a man of very frugal habits, and spent very little money. He was unable to at-

tend to business and had great trust in my cousin, Rebecca M. Caughey, and in her mother, Anna W. Grayson, and they always claimed that they would care for him and advise him.'' Upon this evidence the contention and argument of the niece's attorney was as follows: ''We claim that Rebecca Caughey and her mother, Mrs. Grayson, conspired to get William McCausland's money, and that Mrs. Grayson is now seeking to be appointed administratrix solely for the purpose of denying the petitioner, Amy McCausland Bower, an adequate remedy against Rebecca Caughey and Anna W. Grayson, and that Mrs. Grayson is lacking in integrity, and is not competent for that reason to serve as administratrix in this estate.''

The view of this court first expressed was to the effect that the judge in probate was justified, under the facts and circumstances shown, in denying the petition of the sister, upon the ground that she was not seeking in good faith to preserve and administer the estate of her deceased brother. The petition for rehearing was granted for the consideration of the argument advanced that the Code of Civil Procedure itself, in section 1369, has specifically defined all of the acts and facts justifying a refusal to issue letters to one otherwise entitled to receive them under section 1365; that it was not permissible for the court in probate, nor yet for this court, to add any grounds of incompetency or disqualification other than those expressed in the statute; that this had repeatedly been declared, and specifically in *Estate of Brundage*, 141 Cal. 538, [75 Pac. 175], where it is said: ''Our statute prescribes the grounds of disqualification, and the courts have no right to add to the disqualifications prescribed by statute''; that to the same effect are the decisions of this court in *In re Bauquier*, 88 Cal. 302, [26 Pac. 178, 532], and *In re Carmody*, 88 Cal. 616, [26 Pac. 373]; that in the last-mentioned case the specific finding of the court was to the effect that the husband seeking letters upon the estate of his wife was incompetent because ''the said application of said John Carmody is made not in good faith, but for the purpose of obtaining possession of the estate of deceased for his own, and to deprive the heirs and creditors of said estate from any participation therein, and that said John Carmody is wanting in integrity in that regard''; that notwithstanding this finding this court declared that the fact that the court in probate found that the application was not made in good faith in that the husband claimed

all the estate for his own, did not show such a lack of integrity as to disqualify the petitioner under section 1365 of the Code of Civil Procedure. And, finally, it is argued that under the *Estate of Gordon*, 142 Cal. 125, [75 Pac. 672], neither the trial court nor this court, in the absence of a direct issue raised upon the question of incompetency, is entitled to find and pass upon the matter merely because of the appearance in the record of such evidence as is here presented, tending to reflect upon the *bona fides* of petitioner's application.

We are of the opinion that this reasoning, under our statutes and decisions, is unanswerable; that the court in probate, therefore, erroneously granted letters to the niece, and erroneously denied the petition of the sister. In conclusion it may be added that the law affords ample remedies to all parties interested in the estate against the acts of any administrator who may be found not to have the best interests of the estate at heart. In the first instance, they will be protected by an adequate bond exacted of the administrator, and in the next, he is subject to prompt removal for any unwarranted failure to recover and preserve the estate's assets.

The decree appealed from is reversed.

Shaw, J., Melvin, J., Sloss, J., Lorigan, J., Lawlor, J., and Angellotti, C. J. concurred.