[S. F. No. 8521. Department Two.—January 29, 1918.]

In the Matter of the Estate of HUMPHREY A. RANDALL, Deceased. ANNE BATES RANDALL, Respondent, v. FLORENCE E. PHILBROOK, Individually and as Administratrix, etc., Appellant.

ESTATES OF DECEASED PERSONS — EXECUTORS AND ADMINISTRATORS — ABSENTEE—APPOINTMENT OF ADMINISTRATOR—REVOCATION ON RETURN OF EXECUTRIX—DISCRETION OF COURT.—Where in the absence from the state of a decedent's surviving wife who was named in his will as executrix, letters of administration with the will annexed were granted to a sister of the decedent, and the widow subsequently came to California, the court did not abuse its discretion under section 1354 of the Code of Civil Procedure in revoking the letters of administration granted to the sister, and it would have been an abuse of discretion to refuse to grant letters testamentary to the widow.

ID.—REVOCATION OF LETTERS—RIGHT OF WIDOW TO ADMINISTRATION.— In such a case the widow of a decedent had an absolute, right to the revocation of letters of administration with the will annexed which had been issued to a sister of the decedent, and to the issuance of letters to herself without regard to the question of whether or not she was named as executrix in the will.

ID.—FAILURE TO PETITION—WHAT CONSTITUTES RENUNCIATION BY EXECUTOR NAMED IN WILL.—Under section 1301 of the Code of Civil Procedure renunciation by a person named as executor of his right to letters by failure to petition for probate within thirty days is not the equivalent of a voluntary renunciation.

Id.—Failure to Find—Immaterial Issue—Qualification of Admin-
    istrator.—The fact that the widow of the decedent was defending
    a suit brought against her by one who had been appointed adminis-
    trator with the will annexed, did not disqualify her to act as executrix
    or administratrix, and therefore that issue of her qualification at-
    tempted to be set up was immaterial, and a failure to find upon
    it was not prejudicial.
Appeal—Attorneys—Misconduct of Counsel—Striking Brief from
    the Files.—Where the brief filed by counsel on an appeal is filled
    with language abusive of the trial court, it will be ordered stricken
    from the files.

APPEAL from an order of the Superior Court of Ala-
meda County.   William S. Wells, Judge.

The facts are stated in the opinion of the court.

Horace W. Philbrook, for Appellant.

Fitzgerald, Abbott & Beardsley, for Respondent.

WILBUR, J.—This is an appeal from an order of the
superior court revoking letters of administration with the
will annexed issued to the appellant, Florence E. Philbrook,
a sister of the decedent, and appointing as executrix Anne
Bates Randall, widow of said decedent, named in the will
as executrix thereof.   Decedent at the time of his death,
November 18, 1914, was a resident of the state of Maine, re-
siding there with his wife, the respondent herein.   Upon his
death his will was there offered by his widow for probate,
and was on January 22, 1915, admitted to probate in Cum-
berland County, Maine.   On February 3, 1915, the appel-
lant, Florence E. Philbrook, filed a petition for the probate
of said will as a foreign will and for her appointment as ad-
ministratrix with the will annexed.   This order was made
on the fifteenth day of February, 1915, and is the appoint-
ment revoked by the order appealed from.   Subsequently
the widow came to California, and on March 15, 1917, ap-
plied for the revocation of said letters to appellant and for
her own appointment as executrix.   Notice of the hearing
of said application was given by personal service of citation
upon the appellant and by posting and publication of such
notice.   Appellant appeared and answered said petition, and
after trial thereon the order appealed from was made.

The code provides, ''Where a person absent from the state . . . is named executor . . . If there is no other executor, letters of administration, with the will annexed, must be granted; but the court may, in its discretion, revoke them on the return of the absent executor . . .'' (Code Civ. Proc., sec. 1354.) The respondent had an absolute right to the revocation of appellant's letters and to the issuance to her of letters of administration, with the will annexed, without regard to the question of whether or not she was named as executrix in the will as against the appellant. (Code Civ. Proc., secs. 1383–1386; *In re Li Po Tai*, 108 Cal. 484, [41 Pac. 486].) In such a case where the substantive right to administer the estate is absolute, and the only substantial difference between letters testamentary and of administration with the will annexed is the matter of the giving of bonds (the will waiving bonds), and where a bond may be required by the court in its discretion in that case, it would be an abuse of discretion to refuse, rather than an abuse of discretion to grant, such letters testamentary. Appellant, however, claims that the respondent widow had renounced her right to letters testamentary by a failure for thirty days ''to petition the proper court for the probate of the will, and that letters testamentary be issued to'' her, under section 1301 of the Code of Civil Procedure, which provides that an executor who has knowledge of a will and that he is named therein as executor, who fails for thirty days thereafter to petition the proper court for the probate of the will and that letters testamentary be issued to him, ''he may be held to have renounced his right to letters, and the court may appoint any other competent person administrator, unless good cause for the delay is shown.'' It is contended that ''may,'' as used in this section, should be construed as ''must.'' But it is evident that this section must be construed in connection with section 1354 of the Code of Civil Procedure, above quoted. Where the executor is ''absent from the state'' and returns, the court ''may revoke'' letters previously issued, and so construed the question of the appointment of the returning executor is discretionary with the trial court. It is also apparent that the ''renunciation'' referred to in section 1301, *supra,* is not in any sense the equivalent of a voluntary renunciation, and cases with relation thereto do not apply. The case of *Rice v. Tilton,* 13 Wyo. 420, [80 Pac. 828], relied on by appellant,

decides that a statute of that state (Rev. Stats., sec. 4574), corresponding to our section 1301 of the Code of Civil Procedure, applies to foreign as well as domestic wills, and that the delay of thirty days without application for probate of the will "unless good cause for delay is shown," operates as a renunciation of the right of appointment, and justifies a court, in the exercise of a sound discretion, in refusing to revoke letters of administration, with the will annexed, issued before such application. The effect of section 5499 of the Revised Statutes of Wyoming, 1910, (similar to our section 1354 of the Code of Civil Procedure), is not discussed in that opinion; nor was the case one in which a widow entitled to preference in the granting of letters of administration applied therefor; nor does that case help the appellant here, for it decides that the probate court's action was discretionary, as is provided by our section 1354 of the Code of Civil Procedure. A similar conclusion here would result in an affirmance of the judgment, for there was no abuse of discretion in appointing the respondent executrix without bonds, as provided in the will.

Appellant complains of a failure of the trial court to find on certain issues. To this there are two answers: First, that the essential facts that petitioner was the widow of said decedent, and the appellant the sister, are admitted by the pleadings, as were the will and terms thereof. The allegations of the answer that the petitioner (respondent) was defending a suit brought by the administratrix, and for that reason was disqualified, was not material, for that fact did not disqualify her. (*Estate of Brundage,* 141 Cal. 538, 540, [75 Pac. 175].) Second, that all essential facts are found by the court. The order states: "The court finds that the said petitioner Anne Bates Randall is the surviving wife of said decedent; that said Anne Bates Randall is the person named in the last will and testament of said decedent as the executrix thereof, and is competent to be appointed as and to act as the executrix . . . ; that said Anne Bates Randall has not renounced or forfeited her right to letters testamentary . . ."

Appellant complains that the clerk did not set said matter for hearing, nor give sufficient notice thereof. These questions were not raised in the court below, and for that reason cannot be raised here by the appellant, who appeared and

submitted to a trial on the merits.　(*Estate of Dombrowski*, 163 Cal. 290, [125 Pac. 233] ; *Estate of Latour*, 140 Cal. 414, 425, [73 Pac. 1070, 74 Pac. 441] ; *Estate of Kasson*, 119 Cal. 489, [51 Pac. 706].)　Cases cited by appellant concerning defects in notice of probate of will (*Estate of Cobb*, 49 Cal. 599; *Estate of Carpenter*, 127 Cal. 582, [60 Pac. 162]) have no application.

We have considered the various matters complained of by appellant, notwithstanding that it is clearly apparent that there was no "miscarriage of justice in the lower court" and that appellant relies on alleged errors in "matter of procedure" (art. VI, sec. 4½ of the constitution) ; and notwithstanding the fact that the opening brief of appellant is filled with language so improper and abusive of the trial court as to require that it be stricken from the files.　(*Gage* v. *Gunther*, 136 Cal. 338, 350, [89 Am. St. Rep. 141, 68 Pac. 710].)

The order appealed from is affirmed and the opening brief of appellant is ordered stricken from the files of this court.

Victor E. Shaw, J., *pro tem.;* and Melvin, J., concurred.

Hearing in Bank denied.