[S. F. No. 9065. In Bank.—April 7, 1920.]

In the Matter of the Estate of MARIA C. WYMAN, Deceased. NETTIE NEFF, Appellant, v. AMOS O. WILLIAMS, as Public Administrator, etc., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION— DAUGHTER OF PREDECEASED SPOUSE OF TESTATRIX—PREFERENCE TO PUBLIC ADMINISTRATOR.—Under sections 1310 and 1386, subdivision 8, of the Civil Code, and sections 1350a and 1365 of the Code of Civil Procedure, the daughter of the predeceased husband of a testatrix, who by her will gave her property to her husband, is entitled to letters of administration upon her estate in preference to the public administrator, where a part of the property was received by her under the will of her deceased husband and they were related to each other by consanguinity.

[2] ID. — COMMON PROPERTY OF DECEASED SPOUSES — SUFFICIENCY OF EVIDENCE.—In a proceeding by a daughter of the predeceased husband of a testatrix for letters of administration with the will annexed upon her estate, it was sufficiently shown that part of her estate was common property of the testatrix and her deceased husband, where it appeared that she received an undivided

one-half interest of his estate under the decree of distribution, died within nine months thereafter, and the daughter in her petition for letters set out much of the identical property as part of her estate.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Reversed.

The facts are stated in the opinion of the court.

J. A. Olson and Ira S. Lillick for Appellant.

A. M. Free and F. H. Bloomingdale for Respondents.

KERRIGAN, J., *pro tem.*—This is an appeal from the order granting the petition of the public administrator of Santa Clara County for letters of administration with the will annexed in the estate of Maria C. Wyman, deceased, and is taken by one Nettie Neff, claiming to be entitled to have issued to her such letters of administration and whose petition in that behalf was denied.

Maria C. Wyman died on the fifth day of January, 1919, leaving a will dated March 31, 1900. By the terms of this will she bequeathed a small legacy to a nephew residing in Florida, and all the rest, residue, and remainder of her property to her husband, Charles F. Wyman, who was also nominated executor of the will. Her husband, however, died on the 3d of April, 1917. By his will the bulk of his estate, which consisted of real and personal property, was devised and bequeathed to his said wife and to Nettie Neff, his daughter by a former marriage, to be shared equally between them. It is to be noted that Mrs. Wyman left no child surviving her or lineal descendant, nor brother nor sister, and that a part of her estate consists of property received by her under the terms of the will of her deceased husband. It also appears as a fact in the case that Mr. and Mrs. Wyman were first cousins.

Under these facts the question arises whether Nettie Neff, the daughter of the predeceased spouse of the decedent, is entitled to letters of administration with the will annexed upon her estate in preference to the public administrator.

The right to appointment as administrator with the will annexed follows the same order as that prescribed for the

appointment of an administrator of the estate of a person dying intestate (Code Civ. Proc., sec. 1350a), and that order we find laid down in section 1365 of that code. Therein it is provided:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when entitled to succeed to his personal estate or some portion thereof; and they are, respectively, entitled thereto in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed;

"2. The children . . .

"7. The next of kin entitled to share in the distribution of the estate.

"8. The public administrator.

"This section shall apply to the relatives of the previously deceased spouse of decedent when entitled to succeed to some portion of the estate under subdivision 8 of section 1386 of the Civil Code."

Turning to subdivision 8 of section 1386 of the Civil Code, its language is in part as follows:

"If the deceased is a widow, or widower, and leaves no issue, and the estate, or any portion thereof, was common property of such decedent and his or her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse and to the descendants of such children by right of representation. . . . If the estate, or any portion thereof, was separate property of such deceased spouse, while living, and came to such decedent from such spouse by descent, devise, or bequest, such property goes in equal shares to the children of such spouse, . . . etc."

[1] From the statement of the facts in this case as set forth above it is seen that the appellant comes within the class of persons upon whom are conferred rights of succession by said subdivision 8 of section 1386, Civil Code, and consequently would, in case of the intestacy of the decedent, be entitled to succeed to a portion of her estate. While she is thus given the status of an heir, her right to letters of administration is conditional—as, indeed, is that of relatives of a decedent qualified to administer upon the

estate—upon whether or not she is entitled to succeed to the estate or any portion thereof. (*Estate of Crites,* 155 Cal. 392, [101 Pac. 316].) She is so entitled by virtue of section 1310 of the Civil Code. Being a lineal descendant of a relative of the deceased (for it will be remembered that Mrs. Wyman's husband was also related to her by consanguinity) to whom was devised or bequeathed a part of her estate and who died before the testator, she comes within the terms of that section, which provides that in the case described such lineal descendant takes the share of the estate given to the ancestor.

It follows from the foregoing that the court erred in granting the petition of the public administrator for letters of administration upon the estate of the decedent in preference to that of the appellant unless, as claimed by the respondents, it nowhere appears in this proceeding, either by her petition or any adequate proof upon the hearing, that appellant comes within the classes of persons enumerated in said section. In this connection it is urged by the respondents that there is no averment or adequate proof that any property owned by decedent at the time of her death constituted common property of Mrs. Wyman and her deceased spouse, or that any of such property came to her by descent, devise, or bequest from such spouse. [2] We are of the opinion that the record fails to bear out this contention of the respondents. We think that it sufficiently appears therefrom that a part of the estate of the decedent consists of property owned by Charles F. Wyman at the time of his death, either separately or in common with his wife, and bequeathed to her by him. Thus, it appears from the record that the decree of distribution of his estate was made on April 19, 1918, under which his surviving wife received an undivided one-half interest in almost the entire estate. She died within nine months of the making of this decree, and in the petition for letters of administration by which the present proceeding was instituted much of the identical property is set out as forming part of the estate of the decedent which came to her under and by virtue of said decree of distribution. This contention of the respondents is, therefore, not well founded.

It follows from what we have said that the trial court committed error in granting the petition of the public ad-

ministrator as against that of the appellant, and that the order appealed from should be reversed. It is so ordered.

Shaw, J., Lennon, J., Wilbur, J., Olney, J., Lawlor, J., and Angellotti, C. J., concurred.