[Civ. No. 4056. Second Appellate District, Division Two.—December 6, 1922.]

In the Matter of the Estate of LEWIS REES, Deceased. LLEWELLYN REES, Appellant, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent.

[1] ESTATES OF DECEASED PERSONS—CONTEST FOR GENERAL LETTERS—PROPERTY—VALUATION—EVIDENCE.—In a contest for general letters of administration, a finding that the decedent left real property of the value of more than a specified sum is amply supported by the evidence, where the property upon which administration might be had consists of a claim of right to set aside two deeds executed by the decedent in his lifetime to his wife, and such claim had been established in an independent action by a judgment in favor of the sons of the decedent, as special administrators, although such judgment had not become final, and the pleadings placed a valuation in excess of the sum specified upon the properties in question.

[2] ID.—EQUITABLE CLAIMS—APPOINTMENT OF ADMINISTRATOR—DIS-
CRETION.—It is discretionary with a probate court to appoint an
administrator where the only property of the decedent is an
equitable claim to set aside deeds executed by the decedent; and
in this contest for general letters of administration it was not
an abuse of discretion to appoint a general administrator, where
prior to the making of such appointment the claim of right to
set aside two deeds executed by the decedent in his lifetime to
his wife had been established in a separate action brought by
the sons of the decedent, as special administrators, although such
judgment had not become final.

[3] ID.—RIGHT OF WIFE TO LETTERS—EFFECT OF ADVERSE INTEREST.
In such contest, the probate court having concluded to issue
general letters, it had no discretion to determine to whom they
should go, but was bound to appoint the nominee of the wife;
and the fact that the wife claimed an interest in the real property
adverse to the estate did not disqualify her or her nominee to
act as administrator or deprive her or her nominee of the right
to act as such.

[4] ID.—ACTION TO SET ASIDE DEEDS—CONTEST BY WIFE—RIGHT TO
GENERAL LETTERS.—It having been proper that general letters of
administration should issue in the matter of such estate, the sur-
viving wife or her nominee was entitled to them, notwithstanding
she was a defendant in the suits brought by the sons, as special
administrators, to set aside the deeds executed by the decedent
in his lifetime to her and that in such suits she insisted upon
the validity of the deeds.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Bertin A. Weyl, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. D. Van Nostran and C. Ibeson Sweet for Appellant.

Ford & Bodkin for Respondent.

WORKS, J.—This is an appeal by Llewellyn Rees from
an order appointing Title Insurance and Trust Company
the general administrator of the estate of Lewis Rees, de-
ceased. The determination of the appeal is involved in a
somewhat complex chronology of the events leading up to the
order from which the appeal is taken. On September 3,
1919, Lewis Rees executed to Mary L. Rees, his wife, a deed
conveying certain of his real property; on September 17,

1919, he executed to her an instrument of like character conveying other, and apparently the remainder, of his real property; on September 19, 1919, the deed of September 17th was placed of record; on March 2, 1920, Lewis Rees died intestate; on June 17, 1920, Llewellyn Rees and John H. Rees, sons of decedent, filed their petition for special letters of administration in the matter of their father's estate and on the same day the petition was granted; on June 24, 1920, the special administrators commenced an action against Mary L. Rees to cancel the deed of September 17, 1919, and summons was served on the defendant on the day the complaint was filed; on June 25, 1920, Mary L. Rees placed of record the deed of September 3, 1919; on June 29, 1920, the special administrators commenced an action against Mary L. Rees for the purpose of canceling the last-mentioned deed; on June 30, 1920, Llewellyn Rees filed his petition for general letters of administration in the matter of his father's estate; on September 1, 1920, Mary L. Rees filed written objection to the granting of the petition of Llewellyn Rees, the ground of objection being that, as Lewis Rees in his lifetime had conveyed all his property to her, he left no estate to be administered upon; on June 8 to 17, 1921, the two actions to cancel the deeds, having been consolidated by stipulation, were tried together; on June 22, 1921, Title Insurance and Trust Company, as the nominee of Mary L. Rees, filed its petition for general letters of administration in the matter of the estate of Lewis Rees, deceased; on July 18, 1921, Llewellyn Rees filed his contest in opposition to the granting of letters to Title Insurance and Trust Company; on August 16, 1921, the trial court rendered its judgment canceling the deeds of September 3 and 17, 1919; on August 23, 1921, Llewellyn Rees filed his amended contest opposing the granting of letters to Title Insurance and Trust Company; on August 31, 1921, Mary L. Rees filed her notice of intention to move for a new trial of the two actions for cancellation; on November 1, 1921, the petitions of both Llewellyn Rees and Title Insurance and Trust Company for general letters of administration came on for hearing and the court made its order appointing Title Insurance and Trust Company and denying the petition of Llewellyn Rees. It is from this order that the present appeal is prosecuted.

[1] Notwithstanding the objection of Mary L. Rees to the petition of Llewellyn Rees for general letters, made upon the ground that decedent left no property to be administered upon, the trial court found upon the hearing of the two petitions for general letters that decedent left real property of the value of more than ten thousand dollars. This finding is assailed as having no support in the evidence, but we think the support for it is ample. The claim of the right to set aside the two deeds of September, 1919, was property upon which administration might be had (*Estate of Daughaday,* 168 Cal. 63 [141 Pac. 929]) ; and, laying aside the question whether, in strictness, such a right is *real* property, it is evident that in the present instance the probate court treated it as such. There was an allegation in both the contest and the amended contest of Llewellyn Rees that decedent left personal property of the value of about fifteen thousand dollars. This allegation was found to be untrue. There can be, therefore, no doubt that the court had in mind the equitable claim to set aside the two deeds when it found that decedent left *real* property of the value of ten thousand dollars. It is to be remembered that the judgment setting aside the deeds had been rendered two and a half months before the making of the order from which the present appeal is taken. This circumstance probably impelled the court to place a value of ten thousand dollars upon the right which was in litigation in the two cases, the pleadings of Llewellyn Rees alleging that the property itself which was the subject of the deeds was of a value of from seventy-five thousand dollars to one hundred thousand dollars. As the claim of the right to set the deeds aside was the only property which the court could have had in mind in making the finding assailed, it, of course, did have that property in mind. The finding was supported by the evidence.

[2] It is the rule that it is discretionary with a probate court to appoint an administrator where the only property of a decedent is such an equitable claim as the special administrators sought to enforce in the present instance (*Estate of Daughaday, supra*). It is contended under this rule that the court abused its discretion in appointing respondent, for the alleged reason that, being the nominee of Mary L. Rees, respondent is but her agent and creature and will obey her every behest as administrator and will act under her con-

trol in discharging its trust. It is said that it would have been improper for the court to have appointed Mary L. Rees, the position being taken that she, if appointed, would have become plaintiff, as administrator, against herself individually as defendant in the two actions to set aside the deeds. Waiving the contention that respondent, by virtue of its appointment, is under the servility to Mary L. Rees which is attributed to it, we cannot see merit in the point made by appellant. The discretion reposed in a probate court under the decision in *Estate of Daughaday* is not as to the person who shall be named as administrator, but as to whether an administrator shall be named at all. It is plain to us that the discretion was not abused here. As we have already observed, the trial court had pronounced its judgment setting aside the deeds before the appointment of respondent was made. This circumstance might well have impelled the probate court to the view that the claim of right to cancel the instruments was both tangible and valuable, notwithstanding that a right of appeal still existed. The court doubtless felt that the rendition of the judgment removed the claim from the category designated by the supreme court in the opinion in *Estate of Daughaday*, when that tribunal says that "it is not within the contemplation of the law that the mere assertion of any claim, however visionary and unsubstantial, shall call for the issuance of letters of administration and to that extent give a form of judicial sanction to unfounded pretensions." Further, the court had already given "a form of judicial sanction" to the claim by the appointment of special administrators to enforce it, for special administrators may be named only, italics being ours, "to collect and take charge of the *estate* of the decedent, . . . and to exercise such other powers as may be necessary for the preservation of the *estate*." The special administrators having brought the actions for cancellation of the deeds to the successful issue of a judgment in the superior court, the probate department of the court surely exercised its discretion rightly in determining to replace the special administration with a general one. **[3]** The court having concluded to issue general letters it had no discretion to determine to whom they should go. The statute gave the absolute right to letters to Mary L. Rees or to her nominee (Code Civ. Proc., sec. 1365; *In re Dorris*, 93 Cal. 611 [29 Pac. 244];

*Estate of Brundage,* 141 Cal. 538 [75 Pac. 175]). The fact that Mary L. Rees claimed an interest adverse to the estate did not disqualify her or her nominee to act as administrator nor deprive her or her nominee of the right to act as such. "It is admitted that the appellant was not disqualified by reason of his adverse claim to property claimed by the estate [citing cases]. Our statute prescribes the grounds of disqualification, and the courts have no right to add to the disqualifications prescribed by the legislature. The fact of adverse claim is urged by the respondent solely as a justification of the exercise of the discretion of the superior court in favor of respondent, it being claimed that under the law the court was invested with the power to appoint either of the applicants; in other words, that the appointment was in the discretion of the court. The appellant claims that, under the circumstances of this case, he had the absolute right to letters of administration as against respondent, and that the court had no discretionary power whatever. This claim of appellant must, under the statutes and decisions, be sustained" (*Estate of Brundage, supra*). In a later case dealing with the question here presented, after announcing that section 1365 of the Code of Civil Procedure fixes the order in which persons are entitled to letters of administration, the supreme court said that "the law affords ample remedies to all parties interested in the estate against the acts of any administrator who may be found not to have the best interests of the estate at heart. In the first instance, they will be protected by an adequate bond exacted of the administrator, and in the next, he is subject to prompt removal for any unwarranted failure to recover and preserve the estate's assets" (*Estate of McCausland,* 170 Cal. 134 [148 Pac. 924]).

If it be said that the probate court should have considered, in resolving whether general letters should issue, that such letters must at all events issue to Mary L. Rees or her nominee, we are yet of the opinion that the discretion of the court was not abused.

[4] It is also contended by appellant that Mary L. Rees has elected her remedy in defending the suits to cancel the deeds and that therefore she was precluded from petitioning for letters of administration or from naming another person to make such petition. Without entering into an extended

60 Cal. App.—7

discussion of the point, we conclude that there is no room in the case for the application of the doctrine of the election of remedies. There is, in a legal sense, nothing inconsistent in the two positions taken by Mary L. Rees. If it were proper that general letters should issue in the matter of the estate, she or her nominee was entitled to ' them, notwithstanding that she was a defendant in the cancellation suits and that she insisted therein upon the validity of the deeds. Such is the effect of decided cases which we have already cited.

Order affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 4, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1923.

All the Justices concurred.