[L. A. No. 10527. In Bank.—November 15, 1929.]

In the Matter of the Estate of GEORGE T. HEULER, Deceased. GEORGE E. HEULER, Respondent, v. JAY D. RINEHART, Administrator, etc., Appellant.

Merriam, Rinehart & Merriam for Appellant.

Horace S. Wilson and Constan Jensen for Respondent.

PRESTON, J.—The order revoking letters of administration issued to appellant Jay D. Rinehart is hereby reversed with directions to the court below to so amend the order of appointment of said appellant as to provide for the issuance to him of letters of administration with the will annexed, upon compliance with the terms of said order of appointment.

Appellant was appointed administrator upon the nomination of the widow of said decedent. He had previously filed in this proceeding an alleged will bearing date of March 17, 1926, which failed of probate because of defective execution and there had also been called to the attention of the court an instrument designated a "marriage contract," purporting to be testamentary in character. The court, however, after consideration of these documents granted appellant's petition for letters. Thereafter one of decedent's sons, George E. Heuler, in another proceeding, presented, with his petition for its probate, said so-called "marriage contract," the validity of which as the last will of the deceased is established by our recent decision affirming the judgment admitting it to probate (*Estate of Heuler*, 207 Cal. 391 [278 Pac. 1031]). Said son likewise filed his petition herein seeking revocation of the letters issued to appellant upon the ground that the deceased did not die intestate, but left a will, then being propounded for probate, which said widow and said administrator had failed and refused to present. After trial of the contest instituted by the widow against the probate of said document and upon overruling of the demurrer filed on behalf of said administrator, without giving him opportunity to file further pleadings, the court made said order here appealed from, revoking the letters of administration theretofore issued to him.

The nomination of the widow remaining unrevoked, in the absence of any ground for his disqualification, appellant is clearly entitled to administer the estate in preference and priority to any child of decedent or any other person. In this behalf, section 1350a of the Code

of Civil Procedure provides: "If no executor is named in the will . . . letters of administration with the will annexed must be issued as designated and provided for in granting of letters in case of intestacy." Section 1365 of said code provides: "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned; . . . and they are, respectively, entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed; 2. The children; 3. . . . ." Many cases announce this rule: *Estate of Garber,* 74 Cal. 338 [16 Pac. 233]; *Estate of McDonald,* 118 Cal. 277 [50 Pac. 399]; *Estate of Crites,* 155 Cal. 392 [101 Pac. 316]; *Estate of Winbigler,* 166 Cal. 434 [137 Pac. 1]; *Estate of Wyman,* 182 Cal. 645 [189 Pac. 267]; *Estate of Rees,* 60 Cal. App. 92, 96, 97 [212 Pac. 234].

The record fails to offer any support whatsoever for the allegation in the petition for revocation that appellant and said widow failed and refused to present said will for probate. Indeed, the document was not in their possession. Furthermore, the fact that said widow contested the action of said son to test the validity of the instrument as a will is immaterial. Upon the hearing appellant repeatedly stated that if the instrument were admitted to probate, he, as nominee of the widow, was entitled to letters of administration with the will annexed. The court, having admitted the document to probate, had no discretion to determine to whom letters should issue. It could not add to the statutory disqualifications prescribed by sections 1350 and 1369 of the Code of Civil Procedure and, being qualified thereunder, said widow or her nominee, as above stated, had the absolute right to letters. (*Estate of Brundage,* 141 Cal. 538 [75 Pac. 175]; *Estate of Randall,* 177 Cal. 363 [170 Pac. 835]; *Estate of Rees, supra.*)

Upon the above grounds we base our conclusion first herein announced.

Richards, J., Shenk, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.