[L. A. No. 13957. In Bank.—May 17, 1934.]

In the Matter of the Estate of CHRISTOPHER H. FRANK, Deceased. EVA L. FRANK, Appellant, v. LINNIE DUNCAN et al., Respondents.

Raymond J. Kirkpatrick and John J. Selover for Appellant.

Russell H. Pray and William N. Deatherage for Respondents.

SHENK, J.—The appeal herein is from an order admitting to probate the last will and testament of Christopher H. Frank, deceased.

The decedent left a last will by which he bequeathed his estate to his five children. He named one of his daughters, Linnie Duncan, executrix. He expressly omitted any bequest to his wife, Eva L. Frank. The latter instituted a contest and opposition to the probate of the will on the grounds of the alleged unsoundness of mind and incompetency of the testator to execute a will, and undue influence alleged to have been exercised upon the testator by his children. The court found the testator to have been of sound and disposing mind and competent to make a will; that the will was his own voluntary act; and that no undue influence was exercised upon him. The court entered its order admitting the will to probate. The appeal is by the contestant.

The contentions on the appeal are that the burden rested on the proponent to prove that the testator at the time the will was executed was free from any undue influence; that the burden was not met; and that there was no proof that there was any estate upon which the will could operate. A sufficient answer to the last contention is that the contestant concedes the existence of personal property of

the value of $100 and a claim in the sum of $3,000 against three of the children of the deceased. The petition for letters alleged the existence of an equitable claim against the widow of the decedent based on the alleged right to have set aside certain transfers of property made by the testator in his lifetime to the contestant. The court found the existence of property not to exceed $25,000 in value. This is sufficient to support the order admitting the will to probate on this issue. (*Estate of Rees,* 60 Cal. App. 92 [212 Pac. 234].)

The contention that the burden of proof rested upon the proponent is based on testimony that the attorney who drafted the will was also the attorney for the daughter Linnie Duncan, prior to the time of the events involved. The contestant relies upon this as creating a confidential relationship between the daughter, Linnie Duncan, and the testator, and, because of the added circumstance that her attorney prepared the will, it is claimed that the burden of proof shifted to the proponent.

An examination of the record refutes any intimation that the fact that the attorney prepared the will bears any relation to any part which Linnie Duncan may have taken in the execution of the will, and the evidence does not show that she took any part at all. The record shows affirmatively that the decedent had been a client of the same attorney for some time. In the absence of any showing of active participation on the part of Linnie Duncan and of a showing that she unduly benefited under the terms of the will, and there is no showing as to either, the principles stated in *Estate of Lances,* 216 Cal. 397 [14 Pac. (2d) 768], relied upon by the contestant, do not apply. The appeal is without merit.

The order is affirmed.

Preston, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.