[Sac. No. 5026.   In Bank.—January 20, 1937.]

In the Matter of the Estate of JOHN L. St. JOHN, etc., Deceased.   A. F. SOUZA, Jr., Appellant, v. ROY S. DUGGINS, Public Administrator, etc., Respondent.

Glenn D. Newton for Appellant.

L. C. Smith for Respondent.

WASTE, C. J.—The sole question presented upon this appeal is whether the court below erred in issuing letters of administration to the public administrator to the exclusion of the nominee of the children of the decedent. Respondent public administrator contends that it was proper for the probate court, in the exercise of its discretion, to prefer him because of the adverse interest of the children growing out of their claim, evidenced by an action pending at the time of the appointment, that all of the property of the estate represented the separate property of decedent's first wife and passed to them as her heirs to the exclusion of decedent's second wife and the heirs of the latter. It was also claimed by the children, and alleged in the action referred to, that decedent had promised his first wife that he would keep the property intact until the youngest of their three children had reached the age of twenty-one years, at which time he would divide it among said children.

We find no error in the lower court's ruling. Under section 1374 of the Code of Civil Procedure as the same existed until the adoption of the Probate Code in 1931, the only ground of objection to the personal qualifications of an applicant for letters of administration was incompetency. An adverse interest such as is here involved did not serve to preclude the issuance of letters to the one so interested. (*Estate of Carmody*, 88 Cal. 616 [26 Pac. 373]; *Estate of Brundage*, 141 Cal. 538 [75 Pac. 175]; *Estate of Randall*, 177 Cal. 363 [170 Pac. 835]; 11A Cal. Jur. 263, sec. 177.) Therefore, if the repealed section of the Code of Civil Procedure were still in force and applicable here, the children of the decedent would have to be preferred to the public administrator. However, with the adoption of the Probate Code, section 442 thereof, the counterpart of the repealed section 1374, was made to provide that "Any person interested may contest the petition [for letters] by filing written grounds of opposition thereto, based on the incompetency of the applicant *or for other cause,* or may assert his own right to letters . . . ''

The italicized phrase did not appear in the repealed section 1374. In our opinion, it was inserted in the quoted section of the Probate Code to permit the probate court, in the

exercise of a sound discretion, to refuse to issue letters of administration for reasons other than incompetency. It would not be unreasonable to assume that the phrase was included in the section to cover just such a factual situation as is here presented and to overcome the effect of the decisions under the repealed section which permitted one having an interest adverse and antagonistic to that of an estate to receive letters of administration over such estate. In other words, an interested person may contest a petition for letters of administration not alone on the ground of incompetency of the applicant, as that term is measured and defined by the provisions of sections 420 and 401 of the Probate Code, but now may also oppose and contest the same ''for other cause''.

An adverse interest and prosecution of an action to enforce the same may reasonably be said to fall within the meaning of the phrase ''for other cause'' appearing in section 442, *supra*, thus warranting a probate court, in the exercise of a sound discretion, refusing letters to one so adversely interested. The divided loyalty of an administrator cannot redound to the best interests of the estate. We therefore perceive no abuse of the discretion confided in the court below. Appellant concedes that he, as nominee of the children, is without ''standing in court'' if his nominors may be refused letters.

The order is affirmed.

Thompson, J., Edmonds, J., Langdon, J., Shenk, J., Curtis, J., and Seawell, J., concurred.