59 Cal.2d 367 (1963)
379 P.2d 761
29 Cal. Rptr. 273
Estate of ELMER ENOCH DAIGH, Deceased.
MARION H. JOHNSTON, Petitioner and Appellant,
v.
D.F. REID, as Executor, etc., Petitioner and Respondent.
Docket No. L.A. 26809.
Supreme Court of California. In Bank.
March 21, 1963.
J. Richard Thomas for Petitioner and Appellant.
Bennett Siemon for Petitioner and Respondent.
GIBSON, C.J.
This is an appeal from an order appointing D.F. Reid as executor of the will of Elmer Daigh and from an order denying a petition for letters of administration with the will annexed.
*368 Elmer Daigh and his wife executed a joint will. Elmer died, and his wife was appointed executrix pursuant to the terms of the joint will, but she died before probate proceedings were completed. Upon her death it was disclosed that she had revoked the joint will and had executed a new will in which her brother, Marion Johnston, was named as executor. The new will was admitted to probate, and letters testamentary were issued to Johnston. Thereafter Johnston filed a petition for letters of administration with the will annexed in the Estate of Elmer Daigh, basing his right to letters upon his position as executor of the will of Daigh's widow.
D.F. Reid petitioned for letters testamentary in the Estate of Elmer Daigh, basing his right to letters upon the following paragraph in the joint will: "It is our desire that the survivor of us be appointed to act as Executor of the estate of the other. In the event of simultaneous death ... or in the event of the death of the survivor of us, it is our desire that D.F. REID ... be appointed to act as Executor of this our Last Will and Testament. All parties heretofore mentioned in this paragraph are to act without bond."
Johnston filed objections to Reid's petition on the ground that an action brought by the Estate of Daigh is pending against the Daigh & Stewart Truck Company, a corporation, and that Reid works for that company. That action arose out of a contract between Daigh and Stewart, as individuals, and the Daigh & Stewart Truck Company, in which it was agreed that on Daigh's death his stock in the company was to be redeemed by the company at book value plus 25 per cent. The complaint filed in that action alleges that the parties are in disagreement as to whether certain assets should be included in ascertaining book value and that the stock valuation figures as calculated by the estate are about $78,000 higher than those computed by the company. Reid is employed as a foreman in one of the company's branch yards, but it does not appear that there is any relationship between his work and the matters to be litigated in the pending action against the company.
Johnston's petition for letters of administration was denied, and Reid was appointed executor.
[1] The fact that a person nominated in a will as executor has an interest adverse to decedent's estate does not disqualify him for appointment in the absence of a statute which authorizes disqualification on that ground. (Estate of Randall, 177 Cal. 363, 365-366 [170 P. 835]; In re Bauquier, 88 Cal. 302, 307 et seq. [26 P. 178, 532]; see Estate of Fiddyment, 74 Cal. *369 App.2d 72, 75, 78-79 [168 P.2d 61].) The same rule has been applied to persons seeking to be administrators. (Estate of McCausland, 170 Cal. 134, 136-137 [148 P. 924]; Estate of Brundage, 141 Cal. 538, 540 [75 P. 175]; Estate of Rees, 60 Cal. App. 92, 96-97 [212 P. 234].) [2] An adverse interest is not one of the grounds for disqualification set forth in section 401 of the Probate Code, which specifies those persons who are not competent to serve as an executor, and therefore an interest adverse to the estate is not a proper ground for refusal to appoint a person executor.[*]
[3] A court, of course, has the power to remove an executor when necessary to protect the estate, and the fact that a person having an adverse interest was appointed executor does not mean he is free to advance his self-interest at the expense of the estate. (Prob. Code, § 521; Estate of Bell, 135 Cal. 194, 195-196 [67 P. 123].)
The orders appealed from are affirmed.
Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.
NOTES
[*] Section 401 of the Probate Code provides in part: "No person is competent to serve as an executor or executrix who is under the age of majority, convicted of an infamous crime, or adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity...."