[L. A. No. 2295.   Department Two.—August 12, 1909.]

In the Matter of the Estate of JOHN THOMAS BOTTOMS, Deceased. NELLIE A. DURAND, Appellant, v. KATE B. RARDON, Administratrix etc., Respondent.

ESTATE OF DECEASED PERSON—ANNUAL ACCOUNT—ENTIRE ESTATE NOT TO BE ACCOUNTED FOR UNTIL FINAL SETTLEMENT.—A decree settling an annual account of the administrator of the estate of a deceased person, filed under section 1622 of the Code of Civil Procedure, need not charge the administrator with the entire property in his hands, but may simply determine the accuracy of his accounts as to money transactions which he has had with the estate. As to all other items of property belonging to the estate, an accounting is to be made upon final settlement.

ID.—ENFORCEMENT OF CONTRACT FOR PURCHASE OF LAND—DISTRIBUTION BY ESTATE OF VENDOR TO HEIRS OF VENDEE—PAYMENTS BY ESTATE OF VENDEE.—An administratrix, whose intestate was a vendee under a contract for the purchase of land belonging to the estate of the deceased vendor, and who, in his lifetime, had purchased and obtained conveyances from some of the heirs of the vendor of their interests in the property, is not limited, in order to perfect the title and secure possession of the land for the benefit of the estate of the vendee, to the proceedings to compel a conveyance of the land provided for by sections 1597 et seq. of the Code of Civil Procedure. If it was to the advantage of the estate of the vendee, she was justified in entering into an arrangement for the direct distribution of the land by the estate of the vendor to the heirs of the vendee, upon payment being made to the estate of the vendor. The fact that such payment was made without permission of the court would not render the expenditure improper, although its propriety would be subject to investigation at the time of the settlement of the accounts of the administratrix of the estate of the vendee.

ID.—REVOCATION OF LETTERS DENIED—MISMANAGEMENT OF ESTATE—DELAY IN ACCOUNTING.—Upon appeal from an order refusing to revoke letters of administration, it is held, upon a review of the evidence, that the administratrix had not mismanaged the affairs of the estate, and that the delay in accounting complained of was with the full consent and approbation of the appellant.

APPEAL from an order of the Superior Court of Kern County settling an account of the administratrix of the estate of a deceased person, and from an order refusing to revoke her letters of administration.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

CLVI Cal.—9

T. R. Archer, for Appellant.

D. M. Adams, for Respondent.

LORIGAN, J.—The deceased died intestate about June 3, 1904, leaving an estate, and as his heirs, three daughters, the appellant, and respondent here, and Purle B. Athearn. On June 24, 1904, the respondent was appointed and qualified as administratrix of the estate of deceased and took charge of the property belonging to it, which consisted of both real and personal property. No account having been filed by respondent of her administration of the estate up to January 17, 1907, the appellant petitioned the court for a citation to compel the filing of an account by her and for a revocation of her letters of administration. The respondent filed an account which was assented to as correct by Purle B. Athearn, one of the sisters, and also filed an answer to the petition for the revocation of her letters. The appellant filed exceptions to all the items of the account. The hearing of the account and of the application for the revocation of letters of administration were brought on at the same time, and the court, after allowing certain objections of the appellant against the account, entered an order settling it, and likewise entered an order denying the petition for the revocation of her letters. The appellant appeals from both orders.

There is no merit in any of the points made by appellant with reference to the settlement of the account. The claim on her part that the decree of settlement should have charged the administratrix with all the property of the estate as disclosed by the inventory and appraisement of the estate is answered by saying that the account before the court for settlement was not a final account, but was in the nature of an annual account filed under section 1622 of the Code of Civil Procedure and contained all the matters required by that section. The court found that the administratrix had received certain moneys belonging to the estate and had made certain disbursements from it and decreed that there was a balance of $856.64 in the hands of the administratrix belonging to the estate. It was only necessary for the court to examine into the accuracy of the account of the administratrix as far as the receipts and disbursements of money were con-

cerned. These, and matters incidental thereto, were all that were embraced in the account considered strictly as an account and were the only matters to be passed on by the court at that hearing. While it was the duty of the administratrix in rendering her account as to those matters to state also all other matters necessary to show the condition of the affairs of the estate, this she did by attaching to such statement a report showing all the property of the estate which had come to her hands other than money. But while it was necessary under said section 1622 to make such a report, it was not necessary that a decree of settlement of account rendered under that section should charge the administratrix in the decree of settlement with the entire property of the estate in her hands, but simply to determine the accuracy of her accounts as to money transactions which she has had with the estate; to ascertain what money she has received and what proper disbursements of it she has made and to determine the balance of money in her hands. As to all other items of property, personal or real, belonging to the estate, while, undoubtedly, she must account for it, such an accounting is to be made upon final settlement, and it is not necessary in the settlement of an annual or preliminary account that the decree of the court shall charge her with it.

It is next insisted that the court erred in allowing the administratrix credit for $235 as cash paid to the administrator of the estate of one Cochrane, deceased, on a contract made by the deceased Bottoms in his lifetime for the purchase of a certain piece of land.

This transaction was as follows: One C. A. Cochrane in his lifetime had made a contract with Bottoms to sell him a certain eighty-acre tract of land. It does not appear what the terms of this contract were. After the death of Cochrane and while his estate was being administered Bottoms purchased direct from four of the six heirs of Cochrane their interests in the tract and took deeds therefor. He also deposited with Lightner, administrator of the Cochrane estate, but really as agent of the two remaining Cochrane heirs, the purchase price of their interest (it is to be assumed under the contract of purchase made with Cochrane), but no conveyance was made by them to Bottoms, as he died a day or two following the deposit of the money. When it came to

a settlement of the Cochrane estate it was found that before a distribution could be had and the eighty acres distributed to the heirs of Bottoms, deceased, the expenses of administration in the Cochrane estate, consisting of attorney's fees, commissions, and filing and recording fees amounting to $455, would have to be provided for. As a proportionate part of this amount based on the interest which the heirs of Bottoms had in the property of the estate of Cochrane amounting to this eighty acres of land, and in order to obtain a distribution thereof, the respondent, as administratrix of the Bottoms estate paid the administrator of the Cochrane estate the $235 in question. While it is true that the propriety of this payment was an open question in the settlement of the account of the respondent, we do not think the order of the court ratifying or confirming the payment should be disturbed. While it may be assumed that the contract between Bottoms and Cochrane (it is not set out in the record) was sufficient to have entitled the former in his lifetime to compel a conveyance of the land to him from the administrator of the Cochrane estate under sections 1597 et seq. of the Code of Civil Procedure, still it appears that Bottoms did not himself pursue that method but obtained conveyances directly from four of the heirs of their interests and had deposited the purchase price for the interests of the other two. In this condition of things the only way to have obtained a clear title to the entire tract by the heirs of the Bottoms was by distribution of that property to them in the estate of Cochrane. But if we assume that the administratrix might have proceeded to have obtained a conveyance from the administrator of the Cochrane estate, she would have been required to have followed the procedure pointed out in the code sections referred to. This would have necessitated the employment of a lawyer, expenses of publication, and incidental expenses and, if opposition was made to the conveyance, it might have involved a lengthy, and as to the outcome, an uncertain litigation. Although the evidence is quite indefinite upon the subject, it appears that there was some contract made between Bottoms and the Cochrane heirs when he purchased their interests in the property about the payment of the expenses of administration in the Cochrane estate. It is indefinite because, while it appears that when Bottoms pur-

chased these interests it was calculated that the expenses of administration in the Cochrane estate up "to that hour" were one hundred dollars, and that the Cochrane heirs "were to bear it wholly," it does not appear what arrangement was made between them as to the subsequent expenses. It is quite a reasonable inference, however, that there was some arrangement made with reference to the payment of subsequent additional administration expenses or there would have been no necessity for an agreement between them that the Cochrane heirs should bear those which had accrued up to a certain time. However that may be, the mere fact that the administratrix might have proceeded to have obtained title to the property in a proceeding to compel conveyance (as appellant insists she should have done) was not conclusive upon the power of the court to allow her for expenses incurred in procuring it otherwise. By the method she adopted the estate of Bottoms obtained possession of the property much earlier than if it had been involved with the Cochrane estate, or the heirs thereof, in a litigation either as to the right at all to a conveyance or as to whether the interest of Bottoms in the estate of Cochrane should be distributed to them, only upon payment of an equitable proportional part of the accrued expenses of administration, or if measures for the sale of the property of the Cochrane estate had been taken to pay the expenses of administration and so postponed the time of distribution thereof. When the administratrix obtained possession of this property it was immediately leased out to the advantage of the Bottoms estate and necessarily to the advantage of the heirs thereof. If the administratrix before making this payment had applied to the court for leave to expend the $235 for the purpose of paying a part of the expenses of administration of the Cochrane estate proportionate to the value of the estate to be distributed to the Bottoms heirs so as to secure possession of the property instead of proceeding to compel a conveyance with the expense attending such a proceeding and the delay and uncertainty of the litigation, the court would undoubtedly have power to have permitted the administratrix to do so. The fact that she made the payment without permission of the court did not render the expenditure improper but only left its propriety open to question—her action to be approved or rejected as

the court found it a proper or an improper expense. This was a question primarily for the court to settle and its order of settlement in that respect will not be reviewed unless there is in the record no ground upon which it can be supported. It cannot be said that that appears here. The court found that the payment was made in good faith under circumstances which made it advantageous and beneficial for the estate to have made the payment, and has approved it, and, we think, under the circumstances shown, the action was right.

These are the only objections to the settlement of the account which have even apparent merit.

As to the appeal from the order denying the petition of the appellant for revocation of the letters of respondent. In her petition appellant alleged that respondent as administratrix had mismanaged the estate and had purposely and unnecessarily delayed the final closing thereof. These allegations were denied by the respondent and were found by the court to be untrue, and these findings are abundantly supported by the evidence in the record. Referring to this matter briefly, it appears that when the administratrix took charge of this estate it was heavily indebted and that by the advancement for its benefit of her own money and by careful and judicious management of the property of the estate and by judicious sales of the produce of the lands, she has succeeded in paying the large indebtedness left by the deceased and has preserved for the heirs by far the largest and most valuable portion of the real property. She appears to have so energetically, honestly, and faithfully handled the affairs of the estate as to make the charge of mismanagement entirely unwarranted. As to the claim that she delayed the closing of the estate, it appears that as to practically all matters concerning her administration of it the appellant was consulted and that the appellant never asked her for an accounting nor did the respondent ever refuse to file an account of her administration, and that the delay in filing her account of which the appellant complains, was with the full consent and approbation of the appellant herself.

The decree appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank denied.