[Civ. No. 9709.    Third Dist.    Feb. 8, 1960.]

Estate of GEORGE HARRIS PETRO, Deceased. ERASMIA T. MOUNTANOS et al., Respondents, v. DENNIS L. WOODMAN, as Executor, etc., Appellant.

Clarence H. Pease for Appellant.

E. John Kleines, Thomas W. Loris and Leonoudakis & Kleines for Respondents.

VAN DYKE, P. J.—This is an appeal from an order settling appellant's first and final account as executor of the will of George Harris Petro, deceased.

Upon appellant's petition there was admitted to probate a copy of an allegedly lost will of the deceased under which appellant was the beneficiary of one-half of the estate and was bequeathed the other one-half in trust for the benefit of charitable institutions devoted exclusively to educational purposes, which beneficiaries were to be selected by appellant. Thereafter revocation of the probate of the will was sought by the respondents who claimed to be the half-brother and the half-sisters of the decedent. After trial the court found that the decedent had destroyed his last will with intent to effect a revocation thereof and that respondents were his only heirs at law and were entitled to succeed to his entire estate. In accordance with such findings the court entered an order revoking probate of the will and awarding respondents their costs against appellant. No appeal was taken from that order and it has become final. Thereafter appellant filed his account, claiming credit therein not only for the ordinary costs of administration incurred by him as executor, but also for costs, and attorneys' fees incurred and commissions earned in defending against respondents' successful contest. He also sought credit for the sum of $500 which he had advanced to the Temple Beth Jacob, a charitable organization which he had selected as a beneficiary. The court disallowed these items in the settlement of his account upon the grounds that, as to the contest, he had acted in his own interest and in bad faith in opposing the contest, and, as to his advance to the Temple Beth Jacob, that institution was not devoted exclusively to educational purposes. Herein appellant assigns as error only the disallowance of costs, attorneys' fees, and commissions.

The appeal is presented upon a judgment roll and a settled statement. The statement declares that: "By stipulation all exhibits and documents in this file, including pleadings, opinions, findings and orders as of the date of hearing [of the account] were deemed before the court as additional evidence upon which the court could decide the issues then being heard." The statement relates that decedent, an elderly gentleman of about 80 years of age, became acquainted with appellant at Menlo Park, California, in the year 1950; that they both attended religious services at Temple Beth Jacob; that decedent's will was executed and that appellant, in accordance with decedent's directions, placed the executed will in a sealed "Will envelope" and delivered it to decedent, retaining an unconformed carbon copy; that shortly after decedent's death the public administrator of Sacramento County examined the contents of a safety deposit box and found therein papers bearing the name and address of appellant; that the public administrator thereupon contacted appellant, asking about a will and was informed by appellant that one had been prepared and that he had a unconformed copy thereof. Althought it is apparent that the settled statement is unusual and unsatisfactory we will assume that we may, as the parties invite us to do, consider those documents referred to in the opening paragraph of the statement in resolving the issues on the appeal.

From the file material the following appears: The will was drawn by appellant. Appellant was named executor and was the beneficiary of the estate to the extent of one-half thereof in his own right. The other one-half was bequeathed to him to distribute to such corporations or associations organized and operated exclusively for educational purposes as he, in his absolute discretion, might determine. Appellant appeared in estate matters in propria persona until the contest was filed, he being, during that period, the only attorney of record. Although appellant denied respondents were heirs of decedent, and attempted to defeat them on that ground the proof of their status as heirs was substantial and much of it, from the first assertion of their claims, was of such nature as to be readily ascertained by ordinary discovery proceedings. Appellant had knowledge that the will which he delivered into the possession of the testator a number of years before the latter's death had disappeared and could not be found, although a thorough search had been made to ascertain its whereabouts. He also knew that the "Will envelope" into

which he had placed the will had been sealed and delivered to the testator and that this same will envelope appeared in the safe deposit box of the testator; that the seal had been broken, the envelope had been opened and the will had been taken out, presumably by the testator himself.

[■■] Appellant, as an attorney, was familiar with the rule that "where it is shown that a will cannot be found after the death of the testator and when last seen or known to exist it was in his possession, two inferences arise: (1) that the will was destroyed by the testator, and (2) that the act of destruction was done animo revocandi." (*Estate of Ronayne,* 103 Cal.App.2d 852, 856 [230 P.2d 423].) In view of the foregoing and especially of appellant's interest as principal beneficiary under the will, and in view of what appears from the record to have been a most meager showing against the presumption that the will had been revoked by the testator, the court in the accounting proceedings could properly conclude that appellant was not justified in opposing revocation at the expense of the estate and that in purporting to do so he had not acted in good faith.

■■ It has been said that an executor named in a will has the undoubted right to defend it against attack and to oppose a contest, that it is his duty after the will has been admitted to probate and he has taken up the administration of the estate to defend and uphold the will against attack and to protect the interest of the beneficiaries. Yet it has also been held that this does not mean he is always required to oppose a contest after probate, and that his duty in that regard is qualified to the extent that an allowance for expenditures in so defending the will can only be made for such expenditures as are necessary and are made in good faith and with a reasonable belief that the contest is unjustified. (20 Cal.Jur.2d, Executors and Administrators, § 225, pp. 333-334.) ■■ The same authority states the law to be that "Where he does oppose the contest, it depends on the circumstances of the case whether he is performing a duty, in which case expenses fairly incurred by him are payable out of the estate, or whether he is voluntarily assuming a burden properly belonging to the beneficiaries, in which case he must look to the beneficiaries and not to the estate for reimbursement." ■■ Finally, the same authority declares: "It is for the probate court to determine whether it is necessary and proper for the named executor to resist the opposition to probate." Although this latter was said with respect to a contest before probate, we think there is in a broad

sense no distinction to be drawn in so far as the element of good faith and reasonableness are concerned. In this case we think the issues as to proper allowances were, in the last analysis, questions of fact for resolution by the trial court and that the court's determination of those issues must be upheld on appeal.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied March 9, 1960.