[Civ. No. 22445. First Dist., Div. Three. Oct. 29, 1965.]

TERESA TURINO, Plaintiff and Respondent, v. ROSE CAPRA et al., Defendants and Appellants.

J. Elwood Andresen for Defendants and Appellants.

Wilson Young for Plaintiff and Respondent.

SALSMAN, J.—Rose Capra and Margherita Dadone appeal from a judgment cancelling a deed to them from their

stepmother, respondent Teresa Turino, on the ground that it was procured through undue influence.

Appellants contest the sufficiency of the evidence to support the judgment. They assert that respondent's complaint does not state a cause of action against Margherita Dadone, and contend the trial court erred in refusing to admit certain evidence offered to show that respondent held the property in trust for them.

We resolve these contentions against appellants and therefore affirm the judgment.

Respondent Teresa Turino was born at San Antonio, Italy, in 1877. She came to the United States with her husband Giuseppe in 1922. Appellants are Giuseppe's daughters by an earlier marriage. In 1933 the Turinos purchased a house and lot on Montgomery Street in Oakland. It is this property which is the subject of the dispute between the parties. Respondent's husband died in 1952. At the time of trial she was residing in the house on Montgomery Street. Teresa speaks very little English. Her testimony was given in the Italian Piedmont dialect and translated by an interpreter. The relationship between the parties prior to this action was apparently close. Respondent testified that she and her husband had lived with appellant Dadone from 1923 until the house was purchased. Teresa was disabled with a heart ailment in 1960, and she was cared for by appellant Capra during a portion of her convalescence. Mrs. Capra assisted respondent in her business affairs prior to 1960 and assumed complete control of them thereafter.

Wills made by Teresa and her husband, and later by Teresa alone, devised the property in question to appellants. In January 1961 respondent decided to sell her house and for this purpose listed it with a real estate agent.

On February 7, 1961, appellant Capra brought respondent to the office of their attorney, Eugene T. Nebiolo, and there Teresa executed a deed of her property to appellants. The deed contained a clause, ''Saving, excepting and reserving unto the first party [Teresa] an estate for and during the term of her natural life.'' Nebiolo prepared the deed, explained its contents to respondent, but did not read it to her. He acknowledged that he did not know whether respondent understood the effect of the instrument which she signed. At trial respondent was asked, ''On February 7, 1961, when you signed this instrument, did you intend to make a present gift . . . or did you intend to make a gift after death.'' She

replied, "I had intention to give to them, but not as long as I was alive."

After trial the court found that "due to her advanced age" and "her inability to read, write or understand the . . . English language" respondent could not handle her business affairs; that since 1960 appellant Capra "has handled all of plaintiff's business affairs"; that appellant Capra "procured and induced plaintiff to execute and deliver to her" the deed to the property; and that "plaintiff did not intend to make a gift eo instante at the time she executed the deed." The trial court also found that appellants did not make "any false and fraudulent representations to plaintiff during the period between February 6, 1961, and February 7, 1961." The judgment set aside respondent's deed to appellants, declared it to be null and void, and quieted respondent's title against appellants' claims.

Appellant Margherita Dadone argues there is no evidence to support the trial court's finding that she exercised undue influence over respondent. This contention may be correct, but it is irrelevant. It is the validity of the deed that is the real issue, and the evidence clearly supports the finding that Rose Capra exercised undue influence over respondent, and that this conduct invalidated the deed.

We may also dismiss appellants' contention that the evidence is insufficient to support the judgment. Appellants cite certain testimony of respondent to show that the latter intended to convey the property to appellants at the time the deed was made. But there was also contrary evidence. Respondent was asked: "On February 7, 1961, when you signed this instrument, did you intend to make a present gift . . . or did you intend to make a gift after death?" Respondent replied: "I had intention to give to them, but not as long as I was alive." ▉ Respondent also testified that, at the time this deed was executed she thought she was executing a will. This testimony of respondent, if believed by the trial judge, as it obviously was believed, is sufficient to support the judgment.

At trial appellants offered to show an agreement on the part of respondent, made with her late husband, to hold the property in trust for his daughters. Respondent successfully objected to this testimony. The propriety of that ruling presents the principal issue on appeal.

Appellants contend that, in an action to quiet title, the court should determine all conflicting claims regarding any

interest in the property. (See *Peterson* v. *Gibbs,* 147 Cal. 1 [81 P. 121, 109 Am.St.Rep. 107]; *Baucum* v. *LeBaron,* 136 Cal.App.2d 593 [289 P.2d 266]; *Coffey* v. *Cooper,* 185 Cal. App.2d 464, 469 [8 Cal.Rptr. 358].) Respondent does not dispute the rule of the cited cases, but does contend that the rule is not applicable to the facts of this case. Respondent argues that here appellants sought to establish an equitable defense to the action, namely, the existence of an agreement on the part of respondent to hold the property in trust for appellants. Such a defense, it is urged, is new matter, within the meaning of Code of Civil Procedure section 437, the existence of which must be pleaded before evidence may be introduced to establish it. (*Strong* v. *Strong,* 22 Cal.2d 540, 546 [140 P.2d 386]; *Milliken* v. *Valencia,* 47 Cal.App. 16, 17 [189 P. 1049].) We think respondent's contention is correct.

The first count of the complaint contained the usual allegations appropriate to a quiet title action. The second and third counts demanded cancellation of the deed appellants had obtained from respondent, on the ground of fraud and undue influence. Detailed allegations of fact concerning the fraud and undue influence were recited in the second and third counts.

It has been held that quiet title actions are of an independent nature, completely divorced from the facts that give rise to a plaintiff's right to have his title quieted. The modern tendency, however, is to look beyond the relief sought, and to view the matter from the basic cause of action giving rise to the plaintiff's right to relief. (See *Leeper* v. *Beltrami,* 53 Cal.2d 195, 213 [1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803], and cases cited.) Although respondent's complaint contained three counts, it stated essentially a single cause of action. (*Ephraim* v. *Metropolitan Trust Co.,* 28 Cal.2d 824, 833 [172 P.2d 501].) The quiet title count depended entirely upon the counts to cancel the deed for fraud and undue influence. The only issue litigated was that concerning the alleged fraud and undue influence arising from appellant Capra's conduct in procuring the deed. ▮ If appellants intended to rely upon an agreement claimed to have been made by respondent with her husband whereby she was to hold the property in trust for appellants, the facts concerning such an arrangement should have been pleaded. This would clearly have been new matter within the meaning of Code of Civil Procedure section 437. The burden of proving such an agreement would rest upon appellants. This generally is the test for new matter. (See *Piercy* v. *Sabin,* 10 Cal. 22, 27 [70 Am.

Dec. 692]; 2 Witkin, Cal. Procedure (1954) Pleading, § 531, p. 1524.) Since appellants had the burden of proving the trust they now claim, and did not plead it, it follows that the trial court did not err in rejecting the offered evidence.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.