8 Cal.App.3d 642 (1970)
87 Cal. Rptr. 581
Estate of TERESA TURINO, Deceased.
MAURICE H. ROACH, as Executor, etc., Petitioner and Appellant,
v.
ROSE CAPRA et al., Objectors and Appellants.
Docket No. 27151.
Court of Appeals of California, First District, Division One.
June 11, 1970.
*645 COUNSEL
J. Elwood Andresen for Objectors and Appellants.
Wilson Young for Petitioner and Respondent.
OPINION
MOLINARI, P.J.
This is an appeal by plaintiff objectors from the probate court's order of settlement of first and final account and distribution in the estate of Teresa Turino, deceased, and a cross-appeal by defendant executor from that part of said order awarding the attorney for the executor only part of his total fee requested for extraordinary services.
This appeal is the latest of a number of proceedings involving this estate. Plaintiffs, in an action commenced in the court below, obtained a decree establishing a constructive trust in their favor upon the assets of the estate based on a breach of a promise by decedent to make a will in their favor.[1] That judgment was affirmed on appeal. (1 Civ. 24511 (unreported).) The probate proceedings then resumed in the probate court. The executor filed his first and final account, report and petition for distribution. Plaintiffs *646 filed objections to the account. Following a hearing, the probate court made its order settling the account and ordering distribution. Pursuant to this order it was decreed that plaintiffs were to receive the net estate remaining after the expenditures approved by it. Included in said order was an award of $500 for extraordinary fees to the executor's attorney.
The thrust of plaintiffs' argument on appeal is that since they are the beneficiaries of a constructive trust they were entitled to receive the gross estate assets free of probate and its expenses. Their contention is erroneous. The law is to the contrary.
(1) It is well settled in this state that where a constructive trust is imposed upon the assets of a decedent's estate arising from an unfulfilled promise of the decedent to make a will in the claimant's favor, the trust res is part of the probate estate and is subject to administration in the estate. (Ludwicki v. Guerin, 57 Cal.2d 127, 132 [17 Cal. Rptr. 823, 367 P.2d 415]; Estate of Majtan, 237 Cal. App.2d 7, 20 [46 Cal. Rptr. 561]; Estate of Miller, 212 Cal. App.2d 284, 293 [27 Cal. Rptr. 909].) The rationale of these cases is that since the cause of action to impose a constructive trust arising from a breach of promise to will arises only upon the promisor's death, the estate is subject to the possession of the executor or administrator for purposes of administration pursuant to the provisions of Probate Code section 300[2] as in the case of an express trust created by will. (Ludwicki v. Guerin, supra; Estate of Majtan, supra; Estate of Miller, supra; and see Brewer v. Simpson, 53 Cal.2d 567, 593 [2 Cal. Rptr. 609, 349 P.2d 289].)
Plaintiffs' reliance upon Elizalde v. Elizalde, 137 Cal. 634, 642 [66 P. 369, 70 P. 861], and Henderson v. Fisher, 260 Cal. App.2d 218, 219 [66 Cal. Rptr. 896], is misplaced. Those cases involved the breach of an agreement to convey property inter vivos. Where an inter vivos trust or a resulting trust is proved, the res thereof is not part of the probate estate. (Estate of Majtan, supra, 237 Cal. App.2d 7, 20.) The imposition of the trust in such cases is to insure that the plaintiff receives the benefit of his bargain, and hence the property is ordered to be conveyed directly to him without subjection to administration in the decedent's estate. (See Henderson v. Fisher, supra, at p. 220.)
In view of the foregoing there is no basis for plaintiffs' contention that the trial court should not have allowed certain litigation costs as debts and charges of administration.[3] This contention appears to be the essential *647 thrust of plaintiffs' attack on the allowance of these charges. As pointed out above, the trust res was subject to administration and therefore it is subject to properly allowed debts, charges and expenses of administration under the provisions of section 300. Pursuant to section 900 the executor is allowed all necessary expenses in the care, management and settlement of the estate, and, under section 950, he is authorized to pay such expenses and the debts of decedent in the order there provided.
A perusal of the record with respect to the items under discussion discloses that they were for costs of litigation incurred by decedent prior to her death and by the executor after her death in the case of Turino v. Capra, 237 Cal. App.2d 733 [47 Cal. Rptr. 271], and subsequent to her death and during the course of administration in the aforementioned constructive trust action. The case of Turino v. Capra involved an action brought by decedent to cancel a deed made by her to plaintiffs on the ground that it was procured through undue influence. That action resulted in a judgment in favor of decedent cancelling the deed and was affirmed on appeal. (Turino v. Capra, supra.) In the petition for the settlement of the account of the executor it was alleged that all of the aforementioned costs were alleged to have been paid in the course of administration of decedent's estate.[4] We observe here that the portion of the costs incurred by decedent prior to her death fell in the category of demands against the estate while those incurred by the executor would be classified as expenses of administration.
(2) Since it is the statutory obligation of the executor to collect, preserve and protect the assets of the estate until distribution (§ 571; Estate of Pieper, 224 Cal. App.2d 670, 692-693 [37 Cal. Rptr. 46]; Estate of McSweeney, 123 Cal. App.2d 787, 793 [268 P.2d 107]; Estate of King, 19 Cal.2d 354, 358 [121 P.2d 716]; Lowrey v. Rego, 65 Cal. App.2d 16, 21 [149 P.2d 706]), it is likewise his duty to prosecute and defend such suits with respect to claims in favor of or against the estate with a view of marshaling, protecting or conserving such assets. (§ 573 Estate of Hart, 51 Cal.2d 819, 826-827 [337 P.2d 73]; Estate of Pieper, supra; Chase v. Leiter, 96 Cal. App.2d 439, 447-448 [215 P.2d 756]; see 20 Cal.Jur.2d pp. 336-338.) (3) Accordingly, he is bound to defend in good faith against claims that assets of the estate are trust funds and not a part of the decedent's estate. (Estate of Hart, supra; Elizalde v. Elizalde, supra, 137 Cal. 634, 638.) (4) The expenses of litigation in defending such claims, including reasonable attorney fees, are part of the expenses of *648 administration for which the executor is entitled to allowance, provided such expenditures are necessary and are made in good faith. (Estate of Petro, 177 Cal. App.2d 705, 708, 709 [2 Cal. Rptr. 512]; Estate of Hart, supra, at p. 827.) (5) Where a judgment is obtained against the executor he is entitled to the allowance of costs against him unless the suit in which the costs were taxed was prosecuted or defended without just cause. (§ 719.) The allowance of such expenditures and costs is subject to the approval of the probate court (Estate of Bottoms, 156 Cal. 129, 133-134 [103 P. 849]) and its discretion will not be interfered with except where there is a manifest abuse of discretion. (See Estate of Lundell, 95 Cal. App.2d 352, 354 [212 P.2d 914, 214 P.2d 23]; Estate of Fulcher, 234 Cal. App.2d 710, 718 [44 Cal. Rptr. 861].)
With respect to attorney fees, the attorney for the executor is entitled to "just and reasonable" fees for services in addition to those provided for conducting the ordinary proceedings. (§ 910.) (6) The allowance of such extraordinary fees is a matter within the sound discretion of the trial court, whose ruling will not be disturbed on appeal except for an abuse. (Estate of Fulcher, supra, 234 Cal. App.2d 710, 718; Estate of McKenzie, 199 Cal. App.2d 393, 399 [18 Cal. Rptr. 680].)
Here there is no suggestion by plaintiffs that the litigation involved in Turino v. Capra was not a reasonable expenditure for the preservation of an asset of the estate. With respect to the constructive trust litigation, plaintiffs argue that the allowance of the subject costs will, in effect, cause them to finance the litigation which resulted in their favor. They imply that defendant's appeal may have been frivolous because defendant knew of the agreement between decedent and plaintiffs prior to the execution of the will. The validity of this agreement, however, was not established until the constructive trust litigation resulted in a judgment in favor of plaintiffs. (7) As executor of decedent's last will which was admitted to probate defendant was under a duty to defend and protect the assets of said estate against the claims made upon such assets with the ultimate view of distributing these assets as provided in the will under which he was appointed. Here plaintiffs were seeking to remove these assets from the estate. Since claims similar to those asserted by plaintiffs are not uncommon, and often are without basis, it was defendant's duty to put plaintiffs to their proof. The fact that defendant did not prevail in the trial court does not per se require that he not prosecute an appeal. The ultimate question in each instance is whether the executor has acted in good faith in defending the litigation and in prosecuting an appeal following an adverse judgment.
(8) Aside from the arguments made, as discussed above, plaintiffs have *649 not indicated to us how or in what manner the court below abused its discretion in allowing the subject litigation expenses. Implicit in the probate court's rejection of plaintiffs' objections to the first and final account is the finding that the expenditures were necessary and that they were made in good faith. Since plaintiffs have not demonstrated that as a matter of law the court abused its discretion, and in view of the rule that we must indulge all favorable inferences in favor of the judgment (Estate of Walker, 221 Cal. App.2d 792, 796 [34 Cal. Rptr. 832]; Estate of Fulcher, supra, 234 Cal. App.2d 710, 718; Berry v. Chaplin, 74 Cal. App.2d 669, 672 [169 P.2d 453]), we must conclude that the trial court did not abuse its discretion.
We now advert to defendant's cross-appeal from that part of the court's order denying defendant all of his requested attorney fees.[5] The fees requested amounted to $2,050 and the fees allowed amounted to $500. The thrust of defendant's attack upon the court's order is that it considered only the availability of funds rather than defendant's rights to these fees.
As pointed out above, section 910 provides for the court's awarding of extraordinary fees as the court may deem "just and reasonable." (9) It is clear from the provisions of this section and the authorities already cited that the probate judge has wide discretion. It is not our province to substitute our opinion as to what is "just and reasonable" for the lower court's unless it be clearly demonstrated, on the facts, that the lower court's determination was wholly unreasonable. (Estate of Gump, 129 Cal. App.2d 783, 789 [277 P.2d 886].) Abuse of discretion is never presumed but must be proved beyond any reasonable doubt. (Estate of Walker, supra, 221 Cal. App.2d 792, 796; Estate of Durham, 108 Cal. App.2d 148, 152 [238 P.2d 1057].)
(10) In considering whether the probate court abused its discretion we take note of the following applicable principles: It is the court's province on the basis of the records and facts before it to determine what fees are proper. In making this determination the court may consider what were necessary expenses, the value thereof to the estate, and the value, amount and kind of assets in the estate. (Estate of Merritt, 98 Cal. App.2d 70, 76-77 [219 P.2d 40]; Estate of Walker, supra, 221 Cal. App.2d 792, 795-796.) Unless otherwise shown, it will be presumed that the probate court considered and fairly weighed all of the relevant factors. (Estate of Merritt, supra; Estate of Walker, supra.)
(11) Applying these principles to our case, we cannot concur in defendant's suggested abuse of discretion. The record discloses that the *650 probate court considered not only the availability of the funds in the estate, a circumstance wholly relevant to the granting of extraordinary fees, but that it also carefully considered the various costs and the needs therefor. Accordingly, in the light of defendant's burden, we cannot say that as a matter of law the probate court, under all the circumstances of this case, abused its discretion.
The order appealed from is affirmed. Each party to this appeal shall bear his own costs.
Sims, J., and Elkington, J., concurred.
NOTES
[1] Plaintiffs are the stepdaughters of decedent. In June 1947 decedent and her husband executed reciprocal wills whereby, among other things, the survivor was to leave by will his or her property to plaintiffs. Decedent's husband then died and thereafter decedent executed a new will by which she left all of her estate equally to plaintiffs. Such will was the product of an oral promise by decedent to plaintiffs that if they would care for her for the remainder of her life she would will them all of her property. Decedent thereafter executed a new will in favor of America Garello. Plaintiffs in all respects carried out their promise to decedent until her death on May 12, 1964. (1 Civ. 24511.)
[2] Unless otherwise indicated all statutory references are to the Probate Code.
[3] In their objections to the final account plaintiffs alleged that the subject items of disbursements "being debts and charges of administration are not properly charged to objectors who are the beneficiaries of a constructive trust established by decree of this court ..., also extraordinary fees."
[4] The costs in the Turino v. Capra case totaled $194.32 and were listed as items 11, 13, 22, 35 and 36 in Exhibit A of the final account and those in the constructive trust case totaled $271.25 and were listed in said exhibit as items 39, 53, 59, 61, 64 and 79.
[5] The request for these fees was based on the services performed in the several appeals and in inheritance tax litigation.