[Civ. No. 36431. Second Dist., Div. Two. Nov. 18, 1971.]

DOROTHY K. SILVERMAN, Plaintiff and Appellant, v.
UNION BANK, Individually and as Executor, etc.,
Defendant and Respondent.

## COUNSEL

Falcone & Falcone and A. V. Falcone for Plaintiff and Appellant.

Marvin A. Burnett for Defendant and Respondent.

## OPINION

**COMPTON, J.**—Plaintiff Dorothy Silverman sought quasi-specific performance of a contract to make reciprocal wills. She was only partly successful in the trial court and appeals from that portion of the judgment that was against her.

A brief recital of the facts will serve to frame the issues on appeal and to identify the parties to the action. Plaintiff and her husband, Fred R. Silverman, were married in Massachusetts in 1932 and resided in Los Angeles until his death on August 18, 1963. There were no children of the marriage.

On December 16, 1943, in Los Angeles, plaintiff and her husband entered into a written contract by which they agreed to make irrevocable wills by which each would bequeath his or her entire estate to the survivor and would appoint the survivor as executor or executrix to serve without bond. That same date plaintiff and her husband each made holographic wills embodying the provisions of the contract.

On May 2, 1958, the husband, contrary to his previous agreement, executed a new will which provided for certain specific bequests to his sisters and various other relatives. Two trusts were created by this will. One trust consisted of common stock of the Union Bank and was for the benefit of named sisters of the husband. The other trust consisted of the residual assets of the estate and was for the benefit of the plaintiff. Each trust was for a maximum period of five years.

The Union Bank (hereinafter Bank) was named as executor of this new will with the usual powers and duties of an executor.

Fred died on August 18, 1963, and on August 26, 1963, the Bank filed the 1958 will for probate. The Bank was appointed executor and letters testamentary were issued.

On December 12, 1963, plaintiff commenced this litigation. The Bank was sued both in its corporate capacity and as executor of the will. Devisees of specific bequests named in the will of May 2, 1958, were joined as co-defendants.

The trial court found the contract of December 16, 1943 to be valid and enforceable. The court further found that the provisions of the will of May 2, 1958, were contrary to the provisions of the contract and therefore were "ineffective to affect plaintiff's rights under said Contract." The judgment thus awarded to plaintiff all of the property remaining in the estate after payment of taxes, creditors' claims, and executor and attorney fees and all other costs of administration.

The precise portions of the judgment of which plaintiff complains are:

"That the Will by plaintiff's husband dated May 2, 1958, . . . is in force and effect as to the appointment of the executor and the acting by defendant Union Bank as executor under said Will and its retention of Marvin A. Burnett as its attorney pursuant thereto."

"That defendant Union Bank, as executor under the Will of Fred R. Silverman, deceased, is authorized and directed to complete administration of said estate as such executor and to retain the attorney of its choice as attorney for such executor, to do all things necessary in completion of such administration, to receive credit for all expenses incurred in connection with such administration, subject to the approval of the probate court as to the validity of such expenditures, and to receive statutory and extraordinary commissions for itself and statutory and extraordinary attorney's fees for its attorney as may be determined by the probate court."

The thrust of plaintiff's argument on appeal is that as beneficiary of a contract which the trial court enforced to the extent of granting her the en-

tire estate of her husband, she was denied full equitable relief when the court refused to enforce the contract provisions giving her the right to act as executrix of the estate.

It appears that subsequent to entry of judgment in this matter, the probate court accepted the Bank's resignation and appointed plaintiff as administratrix. Thus this appeal, as a practical matter, deals solely with the fees paid or yet to be paid for services rendered by the Bank as executor and its attorney prior to said resignation.

According to plaintiff, these fees reduce the amount of the estate which she would have received had her husband performed his contractual duties. She specifically objects to any fees which may be awarded for opposing her in this litigation by which she successfully established the validity of the contract.

Reduced to its simplest terms, plaintiff's action for equitable relief by way of specific performance of the contract was two-pronged. First it sought to impose a constructive trust in favor of plaintiff on the assets of the estate and secondly it was a collateral attack on the probate court's order granting testamentary letters to the Bank.

■ The "quasi-specific enforcement" of a contract such as the one at hand is essentially an equitable device; it is not a true specific performance. (*Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879].) Nor is it an all or nothing proposition as plaintiff contends, i.e., enforcing the contract in its entirety or not at all. In doing equity among the various interested parties the court is not so circumscribed in its options.

Except for the issue of plaintiff's contention as to the right to serve as executrix, this case is factually indistinguishable from the *Estate of Turino,* 8 Cal.App.3d 642 [87 Cal.Rptr. 581]. The principles set out there thus describe the position of the Bank.

■ "[W]here a constructive trust is imposed . . . from an unfulfilled promise of the decedent to make a will in the claimant's favor, the trust . . . is subject to administration in the estate. (*Ludwicki* v. *Guerin,* 57 Cal.2d 127, 132 [17 Cal.Rptr. 823, 367 P.2d 415]; *Estate of Majtan,* 237 Cal.App.2d 7, 20 [46 Cal.Rptr. 561]; *Estate of Miller,* 212 Cal.App.2d 284, 293 [27 Cal.Rptr. 909].)" (*Estate of Turino, supra,* at p. 646.)

■ "[S]ince the cause of action to impose a constructive trust arising from a breach of promise to will arises only upon the promissor's death, the estate is subject to the possession of the executor . . . for purposes of administration pursuant to the provisions of Probate Code section 300 as in

the case of an express trust created by will." (*Estate of Turino, supra,* at p. 646.)

"Since it is the statutory obligation of the executor to collect, preserve and protect the assets of the estate until distribution [citations], it is likewise his duty to prosecute and defend such suits with respect to claims in favor of or against the estate with a view of marshaling, protecting or conserving such assets. [Citations.] Accordingly, he is bound to defend in good faith against claims that assets of the estate are trust funds and not a part of the decedent's estate. [Citations.] The expenses of litigation in defending such claims, including reasonable attorney fees, are part of the expenses of administration for which the executor is entitled to allowance, provided such expenditures are necessary and are made in good faith. [Citations.] Where a judgment is obtained against the executor he is entitled to the allowance of costs against him unless the suit in which the costs were taxed was prosecuted or defended without just cause. (§ 719.) The allowance of such expenditures and costs is subject to the approval of the probate court [citation] and its discretion will not be interfered with except where there is a manifest abuse of discretion." (*Estate of Turino, supra,* at pp. 647-648.)

Plaintiff urges that the Bank acted with knowledge of the contract, was aware of the probability of the plaintiff's recovery on the contract and that it proceeded at its peril in performing as executor.

The findings of the trial court, which are supported by substantial evidence, were that the Bank knew of the existence of the contract prior to its seeking to be appointed executor but that it did not know of the contract prior to the death of Mr. Silverman.

The Bank as custodian of the will was required preliminarily to deliver the will for probate. (Prob. Code, § 320.) Next, the question of the appointment of the Bank as executor was considered by the court at two separate contested hearings. There was no requirement in law or reason at that point in time for the Bank to forego its appointment as executor. It was required only to perform its statutory duties and comply with the wishes of the testator. It was the custodian of an apparently valid will—or so it could reasonably presume.

Determination of the validity of an earlier contract to make a will was certainly not within its province and assuredly if it were complying with the Probate Code as an executor, it could not be said to be proceeding at its peril.

Its primary duty was to take into possession all the estate of the decedent,

real and personal, and collect all debts due to the decedent and to the estate. (Prob. Code, § 571.)

The validity of the contract was not established until it came to life in the judgment. Prior to that time it imposed no responsibilities on the executor. As executor the Bank was bound to defend in good faith against claims that assets of the estate were trust funds and not part of decedent's estate.

The trial court found that "It was necessary for someone to act as personal representative of the estate of said decedent pending final disposition of the within litigation and the proper person to do so was Union Bank, named in said Will as executor."

By implication this finding establishes the "just cause" and "good faith" of the Bank's performance, a finding which also finds substantial support in the evidence. Thus the Bank did not proceed at its peril.

Plaintiff's collateral attack on the appointment of the Bank as executor is equally unavailing.

There is no evidence that the Bank was incompetent under Probate Code section 401.[1]

The testator is allowed to nominate as executor any competent person he desires and the probate court is required to appoint such person. (20 Cal.Jur.2d, § 113, p. 162.)

"In the absence of fraud in its procurement, an order of the superior court granting letters, when it becomes final, is a conclusive determination of the jurisdiction of the court (except when based upon the erroneous assumption of death), and cannot be collaterally attacked." (Prob. Code, § 302.)

In collaterally attacking the order of the probate court plaintiff was required to prove extrinsic fraud.

Plaintiff alleges in essence that the will which named the Bank as executor was conceived and drafted by an agent of the Bank. In brief, according to plaintiff, the Bank was totally and wrongfully responsible for its being named executor and receiving the estate for distribution.

The trial court's findings on this point were that the will was drafted by one Marvin Burnett, acting as attorney for Fred Silverman and that Burnett was not at that time acting in any capacity for the Bank.

---

[1]"No person is competent to serve as an executor or executrix who is under the age of majority, convicted of an infamous crime, or adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity. Marriage does not disqualify a woman from serving as executrix."

This court's power of review "begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the [trier of fact]." (*Windeler* v. *Scheers Jewelers*, 8 Cal.App.3d 844, at p. 852 [88 Cal.Rptr. 39].) (See also *Frampton* v. *Stoloff*, 142 Cal.App.2d 175, 176 [298 P.2d 10].)

The record contains substantial evidence in the testimony of Mr. Burnett that the Bank was not guilty of fraud in connection with the preparation of the will or in obtaining appointment as executor.

Nor was there any evidence presented that would have required removal of the Bank as executor under Probate Code section 521.[2]

Until the validity of the contract was established in this litigation, plaintiff's position was so adverse to the estate that the probate court was well within its discretion in denying her appointment as administratrix with the will annexed. (See *Estate of Schwartz*, 87 Cal.App.2d 569 [197 P.2d 223]; *Estate of Guzzetta*, 97 Cal.App.2d 169 [217 P.2d 460].)

■ The appointment and removal of personal representatives is a matter addressed to the exclusive jurisdiction and sound discretion of the probate court. The court in equity had no power to order the appointment or removal of any particular person as executor or administrator. It could only impose a trust on the assets. (20 Cal.Jur.2d, § 28, p. 61.)

■ Thus the court in equity was within the bounds of its discretion when it declined to sequester those funds which were properly due the Bank for its services performed in good faith. Any other action under the circumstances would have lacked the quality of equity.

Finally, the plaintiff complains of the trial court's order that each party bear their costs.

Since we affirm the judgment in its entirety this issue is moot. Plaintiff recovered judgment against the Bank as executor. Since all assets remaining

---

[2]Probate Code section 521 states in pertinent part: "Whenever a judge of the court has reason to believe from his own knowledge, or from credible information, that any executor or administrator has wasted, embezzled or mismanaged, or is about to waste or embezzle the property of the estate committed to his charge, or has committed or is about to commit a fraud upon the estate, or is incompetent to act, or has permanently removed from the state, or has wrongfully neglected the estate, or has long neglected to perform any act as such executor or administrator, he must cite such executor or administrator to appear and show cause why his letters should not be revoked, and may suspend his powers until the matter is investigated."

in the estate after payment of costs of administration are distributable to plaintiff, recovery of costs would gain her nothing.

The judgment is affirmed.

Herndon, Acting P. J., and Fleming, J., concurred.

A petition for a rehearing was denied December 10, 1971, and appellant's petition for a hearing by the Supreme Court was denied January 13, 1972.