[Civ. No. 23629. Third Dist. Feb. 22, 1985.]

Estate of PHILIP H. BACKER, Deceased.
JOHN BACKER, Petitioner and Appellant, v.
RICHARD L. BACKER, as Administrator With the Will Annexed, etc.,
et al., Objectors and Respondents.

COUNSEL

Desmond, Miller, Desmond & Bartholomew and Mark S. Drobny for Petitioner and Appellant.

Downey, Brand, Seymour & Rohwer, James A. Willett, Thomas N. Cooper and Dan L. Carroll for Objectors and Respondents.

OPINION

**CARR, J.**—John Backer appeals from a judgment of the probate court denying his petition for appointment as executor of his deceased brother's estate and appointing decedent's adult sons, Richard and Thomas Backer, administrators with will annexed. The sole issue on appeal is whether the probate court has discretion to deny appointment of an executor nominated by will on the ground that a conflict of interest exists between such executor and the estate.

We observe initially that the will in which appellant was nominated executor was executed over 40 years ago, on March 31, 1942, at which time the decedent was unmarried and preparing to leave for service in World War II. At that time, the decedent and his appellant brother were partners in a farming venture. In the will, decedent bequeathed his partnership interest to appellant and his nonpartnership property to his parents or, if they predeceased him, to his other brother, Robert. We glean from the somewhat scant record that decedent returned from military service and resumed the farming partnership with his brother.

The decedent Philip died on July 26, 1983, survived by a wife and two adult sons. Apparently unaware of the existence of the will, the sons, respondents herein, were appointed administrators of the estate on September 2, 1983, pursuant to the nomination of their mother. On September 30, appellant petitioned the court for probate of the 1942 will and for appointment as executor of his brother's estate.

Respondents filed objections to the petition and petitioned for appointment of themselves as administrators with will annexed. The objections identify several conflicts of interest between the proposed executor and the estate, the primary one being the ownership interests in real property valued at some $500,000, to which title is held in the name of appellant. Respondents contend this and other properties are assets of the partnership and claim a one-half interest on behalf of the estate. Appellant asserts sole ownership of the property and denies any interest by the partnership or the estate.[1]

The court denied appellant's petition for appointment as executor, admitting the will to probate and appointing respondents administrators with will annexed.

Appellant asserts that a conflict of interest between a nominated executor and the estate and heirs is not a ground for denial of appointment of such an executor in the absence of a statutory disqualification on that ground. Probate Code section 401 does not specify such conflict of interest as a ground of incompetency to act as executor.[2] Therefore, an interest adverse to the estate is not a proper ground for refusal to appoint appellant executor. Longstanding California precedent compels us to agree with appellant.

In an early case, *In re Bauquier* (1891) 88 Cal. 302 [26 P.178], our Supreme Court squarely decided the question before us in favor of appellant's position. There, the nominated executrix filed petition for probate of deceased's will and for issuance of letters testamentary. Her brothers objected on the grounds she fraudulently obtained certain real property from

---

[1]Subsequent to the court's decision in this case, respondents, as administrators, filed a petition for an order conveying a one-half interest in the subject property to the estate. (Estate of Philip Backer (Super.Ct.Sac. Co., No. 95012).) We take judicial notice of this petition. (Evid. Code, §§ 452, subd. (c), 459.)

[2]Section 401 provides: "No person is competent to serve as an executor or executrix who is under the age of majority, convicted of an infamous crime, or adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity."

deceased and she claimed to be the owner of said property adversely to the estate. The probate court denied her petition for appointment, finding she was " 'antagonistic and hostile, and asserts claims adverse to the said estate, and that she wants integrity in that regard' " within the meaning of the statute. (At p. 307.)

The Supreme Court reversed, holding the probate court must appoint as executor the person so nominated absent a showing that the person is incompetent under one or more of the exclusive statutory grounds. A claim to property which heirs insist belongs to the estate does not alone constitute a "want of integrity" and thus is not one of the statutory grounds for refusal to appoint. (At pp. 307-308.)

The court reviewed the predecessor to section 401 (former Code Civ. Proc., § 1350), as well as the provisions permitting objections by interested parties.[3] The court concluded: "The meaning of these sections is, that at the time of admitting the will to probate, the court must appoint as executor the person who is therein named as such, if he has petitioned therefor and is not incompetent, unless written objections to such appointment have been filed, in which case the objections must be heard and determined, and the objections made must be such as to show that the applicant is *incompetent* upon some one of the grounds specified in section 1350 of the Code of Civil Procedure [now Probate Code § 401]. [¶] Under our law, a man has the right to make such disposition of his property as he chooses, subject only to such limitations as are expressly declared by law, and within the same limitation he has the absolute right to select the executor to carry out the provisions of his will. In other words, *the executor named in a will has the right to act unless there is some express provision of law which declares that he shall not;* and as a consequence, the testator may lawfully select any person for this trust who does not fall within one of the classes expressly

---

[3]These provisions were formerly at Code of Civil Procedure sections 1349 and 1351. Section 1349 provided: "The court admitting a will to probate, after the same is proved and allowed, must issue letters thereon to the persons named therein as executors who are competent to discharge the trust, who must appear and qualify, unless objection is made, as provided in section 1351."

Section 1351 provided: "Any person interested in a will may file objections, in writing, to granting letters testamentary to the persons named as executors, or any of them; and the objections must be heard and determined by the court."

These provisions are presently embodied in Probate Code section 407, which provides: "Any person interested in the estate or will may file objections in writing to granting letters testamentary to the persons named as executors, or any of them, and the objections must be heard and determined by the court; a petition may, at the same time, be filed for letters of administration with the will annexed. If no objection is made, the court when admitting a will to probate must direct the issuance of letters thereon to the persons named therein as executors who are competent to discharge the trust, unless they or either of them have renounced their right."

mentioned and declared to be incompetent." (88 Cal. at pp. 308-309; second italics added.) The probate judge " 'has no discretion to exercise in the matter, but must obey the requirements of the statute, which is the sole source of his power.' " (At p. 309.)

The statutory disqualification provisions "do not apply to a case where there is a simple conflict of interest in regard to the estate between the executor named in a will and the other legatees . . . [i]f the [L]egislature had designed to make such a conflict of interest a cause for refusing to appoint an executor so named, such intention would have been manifested by language more apt for that purpose than is to be found in the [statute]." (At p. 312.) If, following appointment, the executor advances his self-interest at the expense of the estate, the court then has the power to remove him. (At p. 313; see *Estate of Daigh* (1963) 59 Cal.2d 367, 369 [29 Cal.Rptr. 273, 379 P.2d 761].)

California courts have consistently adhered to this rule. (See, e.g., *Estate of Daigh, supra,* 59 Cal.2d 367, 368-369; *Estate of Wellings* (1923) 192 Cal. 506, 510 [221 P. 628]; *Estate of Buckley* (1982) 132 Cal.App.3d 434, 456-457 [183 Cal.Rptr. 281]; *Estate of Shimun* (1977) 67 Cal.App.3d 436, 441-442 [136 Cal.Rptr. 668]; *Silverman* v. *Union Bank* (1971) 21 Cal.App.3d 352, 359 [98 Cal.Rptr. 332]; *Estate of Dulfon* (1966) 243 Cal.App.3d 469, 473 [52 Cal.Rptr. 398]; *Estate of Buchman* (1954) 123 Cal.App.2d 546, 554 [267 P.2d 73, 47 A.L.R.2d 291].)

Respondents contend section 401 does not denominate the exclusive grounds for disqualification, but rather only the mandatory grounds; that the court is vested with discretion to refuse appointment on other grounds when necessary to protect the estate. This argument appears facially reasonable. The problem is case law is squarely against it. The cases are consistent that the nominated executor has the *right* to appointment in the absence of express statutory grounds for disqualification.

Respondents' reliance on *Estate of Guzzetta* (1950) 97 Cal.App.2d 169 [217 P.2d 460], is misplaced. In *Guzzetta, supra,* the probate court *removed* an administratrix with will annexed who had asserted claims adverse to the estate. In affirming, the Court of Appeal held courts have the inherent power to remove an executor or administrator who makes a claim to property adverse to the interests of the estate. (At pp. 171-173; see also, *Estate of Cole* (1966) 240 Cal.App.2d 324, 331 [49 Cal.Rptr. 419].) In dicta, the court stated this would also constitute grounds for refusal to appoint, but it made no reference to the cases we have cited. (97 Cal.App.2d at p. 172.)

The weight of California authority dictates the conclusion that the trial court erred in denying appellant's petition for appointment as executor of the estate of Philip Backer. We reach this conclusion with great reservation. The court below properly characterized the present case as "a complete conflict of interest." While it does not appear from the record that a full evidentiary hearing was held on the issue of a conflict of interest, it does appear that a *present* controversy exists between appellant and the heirs over the ownership of property worth a half-million dollars. Respondents have already filed suit on behalf of the estate to compel appellant to convey one-half interest to the estate. Appointing appellant executor would place him in the contradictory and impossible position of asserting his exclusive ownership of the property while under a fiduciary duty to the estate to bring an action against himself asserting joint ownership by the estate. This would appear to constitute grounds for *removal* of appellant as executor. However, it would also appear to be a more prudent use of judicial resources to grant probate courts, consistent with their general authority to protect the estate, and after an evidentiary hearing, the power to refuse appointment in the first instance where a present and substantial conflict exists, particularly where there are other interested persons willing and able to administer the estate without conflict. In a state often lauded as a forerunner in dynamic, progressive jurisprudence, this inflexible adherence to a 95-year-old precedent is an anomaly that is not compelled by the language of the statute.[4]

As an intermediate Court of Appeal, we follow the established law that a nominated executor has the right to appointment in the absence of one of the express grounds of incompetency under section 401. A conflict of inter-

---

[4]The *Bauquier* court concluded a conflict of interest did not constitute a "want of integrity" within the meaning of section 401. One court in New York, interpreting a statute similar to section 401, has devised an alternative which allows a serious conflict of interest to fall within the statute. *In re Will of Badore* (1973) 73 Misc.2d 471 [341 N.Y.S.2d 970], the daughters of the deceased objected to the appointment of the named executor on the ground, inter alia, he had delivered to the deceased a promissory note for $40,000 and now claimed he was not legally bound by it.

The court denied the appointment of the named executor on the ground of "improvidence," one of the grounds under section 401, defining "improvidence" as "that which would be likely to render the estate unsafe and liable to be lost or diminished." (At p. 977.) Although the court expressed its firm adherence to the rule respecting the wishes of the testator, it pointed out "there are certainly situations where a named executor is in such a position of divided loyalty that we should pause to reflect on his eligibility . . . ." (At p. 976.)

There, as here, the conflict existed before probate; it was "present and real, not anticipated or speculative." (At p. 975.) Whoever was "charged with the trust responsibility of administering this estate must contemplate the strong probability of bringing a legal action on behalf of the estate against" the nominated executor; hence, "the determination of what to do should be made by a person having only the interest of the estate at heart." (*Ibid.*) The court utilized the standard applicable to *removal* of fiduciaries; i.e., "where a conflict of interest motivates that fiduciary to seek personal advantage and gain at the expense and to the detriment of the estate." (At p. 976.) The court's position is sound and sensible.

est is not one of the statutory grounds, and appellant is entitled to appointment as executor of his deceased brother's estate.

The judgment is reversed. The court is directed to vacate its order appointing respondents administrators with will annexed and to order letters testamentary be issued to appellant.

Regan, Acting P. J., and Sims, J., concurred.

Respondents' petition for review by the Supreme Court was denied May 16, 1985. Mosk, J., was of the opinion that the petition should be granted.